This case is before the court on plaintiffs motion to retransfer and defendant’s motion for summary judgment.[1] After careful consideration of the parties’ submissions and without oral argument, we grant the defendant’s motion.
Plaintiff on July 22, 1975, signed a document entitled "offer to purchase and broker’s tender” (offer to purchase) and submitted the said document for approval to the Department of Housing and Urban Development (HUD). The offer to purchase dealt with the purchase of a house located at 1731 Belmont, East St. Louis, Illinois, for $4,000. On July 25, 1975, HUD received the offer to purchase and plaintiffs down payment of $400. The offer to purchase was formally accepted by a HUD official on July 28, 1975. The acceptance bore the following notation: "subject to *701 CLOSING SALE WITHIN 30 DAYS FROM THE DATE OF THIS contract.” In addition, the acceptance was stated as being "subject to submission of required documents and final credit approval of purchase.” Plaintiff never closed the sale by appearing and making final payment on the property although he was given extensions of time for this purpose. Subsequently, the property was sold to another purchaser and the building on the property demolished.
Plaintiff filed a complaint in this matter on September 10, 1976, in the United States District Court for the Southern District of Illinois against HUD and against some of its officers in their official and individual capacities. On April 10, 1981, the district court, pursuant to 28 U.S.C. § 1406(c) (1976), transferred counts I and III of what had originally been an eight count complaint to this court. The other counts had previously been dismissed. The district court transferred the remaining counts after concluding they constituted a contract claim in excess of $10,000, a claim over which the Court of Claims would have exclusive jurisdiction.
Plaintiff, a pro se plaintiff, has filled a Special Limited Appearance in this court requesting retransfer of the case to the district court. Defendant has moved for summary judgment.
To the extent plaintiffs suit arises from the offer to purchase accepted by HUD, it is based on a written contract and this court has jurisdiction to hear the merits of plaintiffs claim. 28 U.S.C. § 1491 (1976). Since plaintiffs contractual claims are for a sum in excess of $10,000, this court has exclusive jurisdiction. Compare 28 U.S.C. § 1491 with 28 U.S.C. § 1346(a)(2) (1976). The record from the district court, however, makes clear that plaintiffs claims are without merit. Plaintiff never closed the sale by appearing and making final payment on the property. Further, the final contract of sale was never signed on behalf of HUD. Plaintiff has offered no explanations. Under these circumstances, plaintiff failed to meet the requirement of the offer to purchase and the contract expired. There could therefore not be any breach by the Government. Thus, to the extent plaintiffs claims are contractual they must be dismissed as without merit.
*702 To the extent plaintiffs complaint may be construed as a claim for just compensation for a taking under the Fifth Amendment, this court also has jurisdiction. 28 U.S.C. § 1491. We find this claim fails on the merits for the same reasons as plaintiffs contractual claims. Plaintiff never closed the transaction and has presented no reasons for his failure to do so. He, therefore, never had an interest in the property that could be taken.
Plaintiff contends, however, that his suit is actually against the Government officials in their individual capacities. To this extent, plaintiffs suit would be a tort suit. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U. S. 388 (1971); Butz v. Economou, 438 U. S. 478 (1978). This court does not have jurisdiction over tort claims. Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974).
A district court would have jurisdiction over such tort claims; however, transfer is only appropriate "if it be in the interest of justice.” 28 U.S.C. § 1506 (1976). We find a transfer in this case would not be in the interest of justice. First, to the extent plaintiff reframes his claims as against the officers in their individual capacities, they would be almost identical to those already dismissed by the district court. Those counts were dismissed for failure to state a claim upon which relief may be granted. Retransfer would just result in the same basis for dismissal of the counts here. In such circumstances, dismissal rather than retrans-fer is proper. See Goewey v. United States, 222 Ct. Cl. 104, 612 F. 2d 539 (1979). Second, since plaintiff has offered no explanation for his failure to close the transaction with HUD, there does not appear to be any basis for his tort claims. Retransfer in this instance would just prolong meritless litigation and not be in the interest of justice. See Reilly v. United States, 228 Ct. Cl. 843 (1981).
Plaintiff contends there is another case pending before the district court in Illinois that concerns the same facts. The case plaintiff is apparently referring to is an action arising out of a claim by plaintiff for insurance proceeds as a result of the destruction of the building at 1731 Belmont. This is not identical with the case before this court. Plaintiff also contends he has appealed the decision of the *703 district court to the United States Court of Appeals for the Seventh Circuit. The United States Attorney’s Office, however, has found no appeal has been filed. There is therefore no reason presented to suspend proceedings in this court.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby allowed. Plaintiffs motion for retransfer is hereby denied. The petition is hereby dismissed.

 Plaintiff has not filed a response to defendant’s motion and as of November 20, 1981, was out of time.