This case is before the court on defendant’s motion to dismiss the plaintiffs petition. After careful consideration of the parties’ submissions and without oral argument, we retransfer this action to the district court where it was originally filed, rather than dismiss it entirely, and we therefore deny the motion to dismiss the matter outright.
Express Foods, Inc., the plaintiff, is a food service management company. In the summer of 1979 it contracted with several nonprofit organizations to serve meals to children as part of the Summer Food Service Program (SFSP). SFSP is a federally funded program which provides funds to nonprofit organizations to enable them to serve *734 meals to needy children. See generally 42 U.S.C. § 1761 (Supp. I 1977) and 7 C.F.R. § 225 (1979). The United States Department of Agriculture (USDA) is authorized under 42 U.S.C. § 1761 to award grants to states to administer SFSP. The SFSP in New York City was administered by the Food and Nutrition Service (FNS) Regional Office under statutory authorization which allows FNS to do so where a state declines. 42 U.S.C. § 1761(i); 7 C.F.R. § 225.3.
To participate in the SFSP, a food service management company must be certified as a registered vendor. 42 U.S.C. § 1761(7)(1). Registration is the responsibility of the state or in this case where the state did not participate, the FNS. 42 U.S.C. § 1761(1)(2); 42 U.S.C. § 1761(i). Plaintiff was a registered company. In the latter part of July 1979, the FNS Regional Office monitored plaintiffs operations and determined plaintiff was not complying with the set menu cycle for meals. On August 7, 1979, a letter was sent to plaintiff enumerating the deficiencies in plaintiffs service. Plaintiff was told it must explain its menu variations to the satisfaction of the regional office. A second letter was sent to plaintiff on August 17, 1979, indicating the FNS did not consider plaintiffs efforts at remedial action to be sufficient. On that date registration of plaintiff was terminated.
Subsequent to the revocation of registration, an administrative appeal was heard. After losing the administrative appeal, plaintiff filed suit in district court, where the Government moved to dismiss the action for lack of jurisdiction. A stipulation was entered by the parties in which the action was transferred from the district court to the Court of Claims. The stipulation was for withdrawal of plaintiffs tort claims without prejudice.
Plaintiff filed its petition in this court on April 20, 1981, requesting this court to reinstate it as a registered food service vendor and to grant its request for monetary payment from the USDA under a contractual theory. Defendant has moved to dismiss the action for lack of jurisdiction.
A suit against the United States is only proper where the United States has waived its sovereign immunity and consented to suit. See United States v. Mitchell, 445 U. S. 535, 538 (1980); United States v. Testan, 424 U. S. 392, 399 *735 (1976); United States v. Sherwood, 312 U. S. 584, 586 (1941). The Tucker Act, 28 U.S.C. § 1491, delineates the circumstances under which the Government has consented to suit in this court. It provides:
The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * *
Plaintiff contends it may sue in this court because it has an implied contract with the United States. It claims that although the contracts were entered with service organizations and not the United States, other factors indicate there was privity with the United States. First, plaintiff contends payment to it came directly from the USDA. We disagree. The statutory scheme provided by 42 U.S.C. § 1761 provides for payment to be made by the Government directly to service organizations and not to the food service vendors. 42 U.S.C. § 1761(i). Second, plaintiff contends that the fact payment originated with the Government combined with the fact that the contract forms were developed by the Government gives it privity of contract with the federal government:
* * * It is well-settled, however, that where the United States does not make itself a party to the contracts which implement important national policies, no express or implied contracts result between the United States and those who will ultimately perform the work. * * * [Aetna Casualty and Surety Co. v. United States, 228 Ct. Cl. 146, 152, 655 F. 2d 1047, 1052 (1981).]
See also D. R. Smalley & Sons, Inc. v. United States, 178 Ct. Cl. 593, 372 F. 2d 505, cert. denied; 389 U. S. 835 (1967); Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F. 2d 922 (1972); Correlated Development Corp. v. United States, 214 Ct. Cl. 106, 556 F. 2d 515 (1977). We therefore find plaintiffs contractual claims are not within the jurisdiction of this court.
Plaintiff also contends that the administrative process was arbitrary and capricious and that the Government took *736 inconsistent positions in the district court and in this court. These appear to be tort claims. It is clear this court does not have jurisdiction over tort claims. 28 U.S.C. § 1491; Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974).
Since plaintiffs tort claims were withdrawn without prejudice from the district court, we deem it to be "in the interest of justice” to retransfer the case to the District Court for the Southern District of New York. 28 U.S.C. § 1506 (1976).
It is hereby ordered that since plaintiff has failed to state a monetary claim against the United States within the jurisdiction of this court, we dismiss the monetary claims in this court to that extent and retransfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1506 for disposition of plaintiffs tort claims.