This civilian personnel case is before the court on defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment. We have heard oral argument. The court grants defendant’s motion and dismisses the petition.
Plaintiff was formerly a civilian employee of the Regional Procurement Department of the Naval Supply Center in Oakland, California. She was a purchasing agent, GS 6-4. Plaintiff was removed from her position effective November 8, 1978. Administrative remedies have been exhausted and she now sues for reinstatement, back pay, special damages for medical and related expenses, damages for pain and suffering and for attorney’s fees and costs. She alleges that her constitutional rights have been violated and that defendant has, to her prejudice, violated certain regulations in the adverse action taken against her. She asserts, also, that because she was an active user of authorized grievance *838 procedures she was subjected to various forms of harassment and unfair treatment and that the penalty assessed against her was arbitrarily and illegally imposed.
Plaintiffs troubles on the job reached a climax when, in the .summer of 1978, her supervisor informed her that her request to take a vacation during the period July 10-23, which had previously been tentatively approved, was now denied because she had insufficient accumulated annual leave to her credit to cover the proposed absence. Her request to take leave without pay was also denied because she had neither annual nor sick leave to her credit and, additionally, had several absences without leave and leave without pay. Indeed, plaintiff had been absent for one reason or another about one-third of the time during the first 6 months of 1978. This employee exhausted all of her annual and sick leave as it accumulated.[1]
On July 10, 1978, plaintiff failed to report for work but notified her supervisor that she was ill. On August 1, 1978, plaintiff called her supervisor who then advised her to submit a doctor’s certificate and to indicate when she would return to work. This information was necessary to avoid an authorized absence status. A letter furnished by plaintiff did not contain the required information and plaintiffs absence was then coded as unauthorized from July 10,1978. She was notified of this fact in writing on August 17, 1978, and was advised further that, if within 7 calendar days she did not provide the supervisor with acceptable medical evidence of her illness and a prognosis of her recovery and return to work, action would be initiated to remove her from employment.
The credible evidence is that plaintiff did not respond nor did she return to work. Accordingly, on September 15, 1978, she was issued an advance written notice of proposed removal informing her in detail of the reasons for the proposed action. She was informed of her right to reply within 10 calendar days personally and in writing and of *839 her right to representation. On October 1 and 27 plaintiff submitted replies to the charges.
On November 3, 1978, a higher level official than the proposing one issued his decision which informed plaintiff that he had fully considered the entire case, including her reply, that he had found the charges fully supported by the evidence and that she was removed, effective November 8, 1978. Plaintiff appealed and an oral evidentiary hearing was held on January 24, 1979, before an assistant appeals officer of the Merit Systems Protection Board (mspb).
On March 29, 1979, the mspb issued a detailed opinion and decision affirming plaintiffs removal. It was the board’s conclusion that the charge of excessive unauthorized absence was sustained by a preponderance of the credible evidence; that plaintiff was well aware of the agency requirement for acceptable medical evidence in order to obtain approval of a prolonged absence due to illness; and that plaintiff did not furnish such evidence when directed, to do so and when warned of the consequences of not doing so. The mspb characterized plaintiffs testimony as "not credible and at times * * * evasive and contradictory. Her testimony was also in conflict with some of the statements set forth in her written reply. Accordingly, we find that the removal of appellant for excessive unauthorized absence was justified and was taken for such cause as would promote the efficiency of the service.”
The authority of the court to review adverse administrative actions in civilian pay cases is limited. We have been required to speak of it often and need not repeat what we have said in any detail here. In short, we look only to see if the action taken is illegal because it violates applicable law or regulations, is in bad faith, is arbitrary, capricious, or devoid of substantial evidence to support it, or lacks any rational basis. Masino v. United States, 218 Ct. Cl. 531, 589 F.2d 1048 (1978); Wathen v. United States, 208 Ct. Cl. 342, 527 F.2d 1191 (1975), cert. denied, 429 U.S. 821 (1976); Grover v. United States, 200 Ct. Cl. 337 (1973); Schlegel v. United States, 189 Ct. Cl. 30, 416 F.2d 1372 (1966), cert. denied, 397 U.S. 1039 (1970). Thus, we will not overturn an agency decision if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a *840 conclusion. Jones v. United States, 223 Ct. Cl. 138, 617 F.2d 233 (1980); Wise v. United States, 221 Ct. Cl. 105, 603 F.2d 182 (1979).
Tested against these judicial standards of review, we find plaintiffs claim to be without merit, although it was well briefed and argued. This claim is similar to others we have reviewed. Here, nsco Instruction No. 12630. IB provides that an employee returning to work after an absence of more than 3 days may be required to furnish acceptable proof of his or her illness. However, the regulation, 5 C.F.R. § 630.403 (1978), is more stringent. It provides: "An agency may grant sick leave only when supported by evidence administratively acceptable.” Plaintiff makes a specious argument that under other language of the instruction she did not really need to produce the medical certificate until she returned to work, and in the meantime was entitled to be placed in a leave-without-pay status. She ignores the quoted regulation which here is of greater legal significance.
It is established by the administrative record and the mspb decision that plaintiff did not report to work at all on July 10, 1978, or thereafter, and provided no acceptable justification. When the decision was finally issued on November 3, 1978, to remove her for this reason, plaintiff had been absent from work for almost 4 months. She had repeatedly been told to submit medical verification to cover her absence, including a prognosis of her recovery and an estimated date for return to work. She failed to do so in time to stop the adverse action, although she had ample time in which to do so. The penalty of dismissal was authorized and reasonably imposed after consideration of alternatives. How defendant treated absences of other employees is irrelevant. Minskoff v. United States, ante at 499. Our precedents preclude plaintiffs recovery. Chiaverini v. United States, 157 Ct. Cl. 371 (1962) (plaintiff discharged when absent for 9 weeks without providing appropriate medical justification or estimated date for return to work); Urbina v. United States, 209 Ct. Cl. 192, 530 F.2d 1387 (1976) (discharged after 50 days of absence).
Plaintiff attempts to raise some issues not presented at the administrative level and, of course, in reviewing the *841 appropriateness of that decision we do not address them. But, we have looked at the applicable regulations and do not find them to have been wrongfully applied, interpreted or violated by defendant. We refer particularly to 5 C.F.R. § 630.403 and 5 C.F.R. §§ 752.101 etseq. (1978), chapters 630, 751 and 771 of the Federal Personnel Manual and nsco inst 12630. IB CH-3 (22 March 1974).
So far as plaintiffs vague constitutional claims are concerned, they are not based on any provisions in the Constitution mandating the payment of money and cannot be entertained in the circumstances of this case. United States v. Testan, 424 U.S. 392 (1976). This is true whether the claim is brought here or in the district court.
Plaintiff asks that we transfer this case to the U. S. District Court for the Northern District of California if we find that we cannot grant all requested relief on the constitutional claims for jurisdictional reasons. The district court by order of April 25,1980, dismissed this action as not being within its own jurisdiction of money claims. It would not further the interests of justice to order the transfer requested and we decline to do it. 28 U.S.C. § 1506 (1976).
We find no error of substantive importance in the administrative proceedings after close attention to the technicalities raised by plaintiff. We also reject the allegations of retaliatory treatment of plaintiff because she was an active user of grievance procedures. On the latter point, the mspb determination is fully supported by the record. Plaintiff presented no adequate evidence to support a contrary conclusion. Other issues are treated in the board opinion, and it is unnecessary to repeat what was said there since we agree with it.
it is therefore ordered, upon consideration of the motions for summary judgment, the record and exhibits, and upon oral argument, that the decision of the Merit Systems Protection Board on March 29, 1979, is affirmed. Defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied and the petition is dismissed.

 At the administrative hearing, the agency introduced plaintiffs leave record for the first half of 1978. It showed that plaintiff had used, in this interval, 70 hours of annual leave, 46 hours of sick leave, 8 hours of compensatory time, 110 hours of leave without pay, and 33 hours of absence without leave.