This civilian pay claim is brought to set aside a decision of the Merit Systems Protection Board ( mspb or board) denying plaintiffs claim for reconsideration of an earlier decision upholding plaintiffs dismissal from his federal civilian position. Defendant has brought a motion for summary judgment to which plaintiff has not responded, and the time for response has passed. For the reasons set out below, we uphold the decision of the board.
Plaintiff was employed as an Oceanographer, GS-12, in the Naval Ocean Research and Development Activity (norda) at the time of the termination of his employment. Plaintiff was sent a memorandum, dated March 13, 1978, proposing his removal from federal employment, effective in 30 days. Up until this time, plaintiff had served for over 24 years, apparently without any prior disciplinary action. The memorandum set forth the following grounds for the proposed adverse action: (1) failure to safeguard classified information properly; (2) falsification of an official report; (3) unauthorized use of classified material; and (4) improper use of government property and waste of government material and time. The Commanding Officer of norda, after considering evidence against plaintiff and evidence submitted in his behalf, orally and in writing, sustained all of the charges against plaintiff except the last charge listed above. By a letter dated April 7, 1978, the Commanding Officer informed plaintiff that he would be removed from his position to promote the efficiency of the service, effective April 21,1978.
On April 20, 1978, plaintiff submitted an appeal to the Federal Employee Appeals Authority (feaa). In a decision dated October 26, 1978, following a hearing, the feaa affirmed the agency’s removal of the plaintiff. The feaa found that the first two charges, (1) failure to safeguard classified information properly and (2) falsification of an official record, were supported by the evidence, but that the third charge, (3) unauthorized use of classified material, was not. The first charge was based on the recovery of approximately 22,775 pages of classified documents or *856 reproductions thereof that were found in plaintiffs automobile, home and unsecured areas of his office.[1] The second charge was based on plaintiffs signature on a statement, signed when he transferred from the U.S. Navel Oceanographic Office to norda in 1976, asserting that he no longer had any material containing classified information in his possession. The feaa also found that the agency complied with all the applicable mandatory procedural requirements in effecting plaintiffs removal. The feaa also considered, and rejected, plaintiffs mitigation argument that in light of his past service and the government’s alleged laxity in enforcement of security, plaintiffs removal from all government service was unduly harsh and severe.
By a petition dated December 6, 1978, plaintiff filed an action for reconsideration to the Appeals Review Board of the U.S. Civil Service Commission. By a letter date December 29,1978, plaintiff was notified that the appeal would be transferred to the mspb for adjudication. In a letter dated October 24, 1979, the mspb issued a final decision denying plantiff s request for reconsideration on the grounds that it did not meet the criteria set out in 5 C.F.R. §§ 772.310 and 772.312.[2] On December 4,1979, plaintiff filed a petition for review in the U.S. Court of Appeals for the Fifth Circuit, which was dismissed on February 20, 1980. Plaintiff then filed a complaint in the U.S. District Court for the Eastern District of Louisiana, which transferred the case to this court pursuant to 28 U.S.C. § 1406.
In its petition filed in this court on September 21, 1981, plaintiff requests a reversal of the mspb decision on the grounds that it was arbitrary and capricious and not supported by substantial evidence. Plaintiff seeks reinstatement to his former position, back pay and other relief. Jurisdiction of this court is invoked under the Civil Service Reform Act of 1978, effective January 11,1978. Pub. L. No. *857 95-454, 92 Stat. 1111 (1978). Defendant does not challenge this. But see Gaskins v. U.S. Postal Service & MSPB, 221 Ct.Cl. 918 (1979).
Our standard of review both before and under the Act is to review the record and determine whether the agency’s decision was arbitrary, capricious, an abuse of discretion, obtained without applicable procedures required by law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Moss v. United States, 229 Ct.Cl. 837 (1982); Brewer v. U.S. Postal Service, 227 Ct. Cl. 276, 647 F.2d 1093 (1981), cert. denied, 454 U.S. 1144 (1982); Wathen v. United States, 208 Ct. Cl. 342, 527 F.2d 1191 (1975), cert. denied, 429 U.S. 821 (1976). Under the substantial evidence standard, a court cannot overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).
As mentioned, defendant has filed a brief in support of its motion for summary judgment and plaintiff has not responded. Plaintiffs petition does not specify on what basis we should hold that the board’s findings and conclusions were arbitrary and capricious and not supported by substantial evidence. Upon examination of the record, we cannot conclude that plaintiffs dismissal was contrary to law. It does not appear to be disputed that plaintiff wrongfully failed to abide by the security regulations regarding classified material. It is also uncontested that plaintiff signed a statement under oath affirming that he no longer possessed any materials containing classified information, when in fact he was in possession of a large number of such documents. Under these circumstances, we cannot say that the penalty of dismissal, authorized by lawful regulation, constituted an abuse of discretion or was disproportionate to the offense and that it was not for the efficiency of the service.
it is therefore ordered, upon consideration of the parties’ submissions, without oral argument, that the defendant’s motion for summary judgment is granted. The petition is dismissed.

 These documents, many of which were copies made by the plaintiff, were apparently accumulated by plaintiff over a 10- to 16-year period for the purpose of aiding plaintiff in the development of his work-related skills. Nowhere in the record is there the implication that these documents fell into unauthorized hands.

 In general, the criteria for reconsideration is as follows: (1) new and material evidence that was not readily available at the time of the earlier decision; (2) the previous decision involved an erroneous interpretation of law or regulation, or a misapplication of established policy; or (3) the previous decision is of a precedential nature.