This case was transferred to the United States Court of Claims on May 8, 1980, by order of the United States District Court for the Western District of Kentucky.
*966 Plaintiff alleges in the petition that he is a provider under Part B of the Medicare Act and that the defendant’s intermediary, Metropolitan Life Insurance Company, wrongfully suspended payments due to plaintiff in the amount of some $32,000 for medical supplies furnished to Medicare beneficiaries. The claims not paid were submitted during the period from November 1976 through 1978. The petition further states that by this action and by failure to grant him a hearing, plaintiff has been deprived of his property interest within the meaning of the due process clause of the fifth amendment to the Constitution. Plaintiff demands his money plus interest, costs, attorney fees and an injunction.
Defendant has moved to dismiss the petition and to transfer its counterclaims back to the district court. Defendant challenges our jurisdiction of the subject matter. Defendant’s counterclaims are for the restitution of money paid to plaintiff by mistake as a result of plaintiffs alleged deceit and fraud, and defendant invokes the False Claims Act, 31 U.S.C. § 231 (1976).
Proceedings were stayed pending the decision of the Supreme Court in United States v. Erika, Inc., 456 U.S. 201 (1982). In that case the Supreme Court held that this court has no jurisdiction to review Part B amount determinations. We have thereafter dismissed all such claims. Plaintiff, however, seeks to avoid this result by stating his claim in constitutional terms. That does not help him here, however, for two reasons. First, the claim of denial of due process does not state a claim within our jurisdiction to award money damages. United States v. Testan, 424 U.S. 392 (1976); Inupiat Community v. United States, 230 Ct. Cl. 647, 680 F.2d 122 (1982). Second, we do not read Erika as sanctioning an exception to the jurisdictional rule which that decision announced whenever any constitutional claim, no matter how insubstantial, is made in a Part B Medicare case. We have held that insubstantial constitutional claims do not avoid the rule in Erika and this is just such a claim within the meaning of related precedents. Regents of the Univ. of Colo. v. United States, ante at 914, and the cases gathered there. Further, the suspension of payments here, which plaintiff says is a deprivation of his *967 property without due process, is comparable to the claim held insubstantial in Erika v. United States, 225 Ct. Cl. 252, 634 F.2d 580 (1980). The Supreme Court did not rule otherwise because it did not consider that issue in its opinion of April 20, 1982.
The more sensitive issue in this case is what to do with the counterclaims. Notwithstanding defendant’s motion, both parties now say that if we dismiss the petition we must dismiss the counterclaims as well, citing Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817 (1974). Plaintiff says, however, that if we agree with defendant’s request to transfer the counterclaims to the district court we should send plaintiffs claim there also. Plaintiffs claim, however, exceeds the $10,000 jurisdictional limit of the district court in a claim against the United States. 28 U.S.C. § 1346(a)(2) (Supp. IV 1980). The district court also suffers the same infirmity of jurisdiction that we do under the Supreme Court’s Erika ruling on Part B claims. Defendant says, however, that we can transfer its counterclaims because that court has exclusive jurisdiction thereof since we do not have jurisdiction of the Part B claim.
We conclude that the tests in 28 U.S.C. § 1506 (1976) for transfer are met here. It is plainly in the interests of justice that the counterclaims be resolved in the judicial district where their merits are under investigation. We cannot decide them since we do not have jurisdiction of plaintiffs claims. Although the district court’s jurisdiction of plaintiffs claims is not without doubt, as indicated above, if any court has jurisdiction, it would be the district court. While the Supreme Court has made it clear that there is no judicial review of Part B claims, whether they be based on the statute or as claims for just compensation, an aggrieved provider still might have a remedy if in fact a substantial constitutional violation occurred. That remedy would be one we could not grant, such as an injunction or declaratory relief. Plaintiff may yet be able to show the district court that it has jurisdiction to grant some kind of relief. If not, defendant may have to institute an independent action in the district court to recover on the subject matter of its present counterclaims.
*968 it is therefore ordered, without oral argument, that defendant’s motion to dismiss plaintiffs petition is denied.
it is further ordered that the plaintiffs claims and defendant’s counterclaims be transferred, pursuant to 28 U.S.C. § 1506 (1976), to the United States District Court for the Western District of Kentucky.