**LITTLE RIVER LUMBER COMPANY**

v.

**The UNITED STATES.**

**No. 248–82C.**

United States Claims Court.

Feb. 27, 1985.

William F. Lenihan, Seattle, Wash., for plaintiff; Lenihan, McAteer, Hanken & Borgersen, Seattle, Wash., of counsel.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C. for defendant.

## OPINION

LYDON, Judge:

This case comes before the court on plaintiff's motion to transfer the case to the District Court for the District of Colorado (District Court). In support of this motion, plaintiff states that this court lacks jurisdiction over the cause of action set forth in the complaint, as amended, since said action does not seek money damages from the United States. A reading of plaintiff's second amended complaint supports plaintiff's statement.[1] Defendant opposes said motion. Since the court concludes that it lacks jurisdiction to grant plaintiff the relief it requests, the question is whether said complaint, as amended, should be dismissed or the case transferred to the District Court. For reasons set forth below, it is determined that the complaint, as amended, should be dismissed.

## I.

■ It is well settled that this court's jurisdiction, as was the case with its predecessor court, is grounded on its ability to award money damages except in isolated cases not applicable herein. The fact that this case was transferred here by order of the District Court does not preclude this court from dismissing the complaint for lack of jurisdiction, especially where plaintiff asks for equitable relief and seeks damages against private persons. *Berdick v. United States*, 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979). Accordingly, since plaintiff's claim in its complaint, as amended, is not for money damages, this court is without jurisdiction to grant relief in this case. *See United States v. King*, 395 U.S. 1, 2–4, 89 S.Ct. 1501, 1501–1503, 23 L.Ed.2d 52 (1969). Failure to state a monetary claim against the United States provides a sound basis for dismissal of the complaint. *See Express Foods, Inc. v. United States*, 229 Ct.Cl. 733, 736 (1981).

## II.

Plaintiff, however, moves, pursuant to 28 U.S.C. § 1631 (1982), that this case be transferred to the District Court instead of dismissed. Plaintiff points out that its complaint seeks injunctive relief (not prebid injunctive relief), suspension of the existing Black Hills National Forest Timber Sale Program, review under the Administrative Procedure Act, 5 U.S.C. §§ 702–705 (1982), and 28 U.S.C. § 1331 (Supp.1982), of the Black Hills National Forest Timber Sale Program, and tort violations (misrepresentation) against certain individual employees of the Forest Service relative to implementation of said Timber Sale Program. Plaintiff claims that these allegations fall within the pale of the jurisdiction of the District Court. *See* 28 U.S.C. §§ 1331, 1361 (1982).

---

1. Plaintiff's pleading is captioned "Second Amended Complaint For Declaratory Injunctive Relief and Review Of Final Agency Actions. The amended complaint sets forth four claims for relief. In the First Claim For Relief, plaintiff seeks an injunction directing Forest Service officials to continue to consider plaintiff a qualified bidder on future timber sale contracts absent the finality of proper disbarment proceedings. In the Second Claim For Relief, plaintiff seeks damages of $5 million from two employees of the Forest Service who allegedly deprived plaintiff of its property without due process by refusing to award the Jenks Timber Sale contract to plaintiff. In the Third Claim For Relief, plaintiff seeks an injunction against Forest Service officials preventing them from conducting future timber sales in the Black Hills National Forest until certain corrections are made in Forest Service timber procedures and appraisals. Finally, in the Fourth Claim For Relief, plaintiff seeks to set aside certain Forest Service decisions relating to the Black Hills National Forest Timber Sale Program and suspension of said Program until all errors in said program have been corrected.

Plaintiff suggests that these allegations do not seek the enforcement of rights or expectations bottomed on a contract and thus are within the jurisdiction of the District Court, citing *Indian Wells Valley Metal Trades Council v. United States*, 1 Cl.Ct. 43, 45–46, 553 F.Supp. 397, 399 (1982); *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 966–70 (D.C.Cir.1982); and *Northwestern Bag Corporation v. United States*, 223 Ct.Cl. 333, 339, n.2, 619 F.2d 896, 900, n.2 (1980) (misrepresentations sounding in tort and thus beyond jurisdiction of Court of Claims).

This case was previously transferred to this court by the District Court under 28 U.S.C. § 1406(c). In its complaint in the District Court plaintiff set forth seven claims for relief. Three of these claims for relief sounded in contract, *e.g.*, reformation or rescission, awarding contracts to plaintiff, etc. Before the District Court, plaintiff sought damages against two of defendant's employees for violation of plaintiff's constitutional rights, *i.e.*, deprivation of property rights in refusing to award a timber sale contract to plaintiff. This claim for relief was rejected by the District Court on the grounds of sovereign immunity. This same claim is set forth in the complaint, as amended, in the case at bar as plaintiff's Second Claim For Relief. Plaintiff also sought other equitable relief, mandamus and injunctive, from the District Court, which claims for relief are to be found in the complaint, as amended, in the case at bar within the allegations of plaintiff's First, Third and Fourth Claims For Relief. The District Court likewise rejected these claims for relief on the grounds of sovereign immunity. In short, the District Court concluded it was without jurisdiction to consider plaintiff's claims on the grounds of sovereign immunity and on the ground that, to the extent any relief was available based on claims which sounded in contract, said relief must be sought in the Court of Claims.

Following the transfer of this case from the District Court to the Court of Claims, plaintiff filed its complaint in the Court of Claims on June 10, 1982. This complaint closely followed the allegations and seven claims for relief set forth in the District Court complaint. On October 12, 1984, plaintiff filed an amended complaint wherein it eliminated any claim for reformation or rescission and sought instead declaratory, injunctive and mandamus relief as well as judicial review of actions of federal agencies and officials under the Administrative Procedure Act.[2]

 Whether a case should be transferred or retransferred to a District Court from this court is a discretionary matter. It is also done on an *ad hoc* basis. *Patterson v. United States*, 230 Ct.Cl. 932, 934 (1982). The basic test for determining whether a case should be transferred or retransferred to a District Court pursuant to 28 U.S.C. § 1631 (1982) is whether it is in "the interest of justice" to do so. *Goewey v. United States*, 222 Ct.Cl. 104, 108, 612 F.2d 539, 541 (1979). In this case, the court concludes it would not be in the interest of justice to retransfer this case to the District Court. There are two reasons for this conclusion.

 First, a case should not be transferred or retransferred to a District Court if it most probably would be a futile act. *Dancy v. United States*, 229 Ct.Cl. 300, 308, 668 F.2d 1224, 1228 (1982). If the District Court most probably would lack, or find a lack of jurisdiction over the case then the case should not be transferred or retransferred since it would not serve the interests of justice to do so. *See Armstrong v. United States*, 230 Ct.Cl. 966, 970 (1982), *cert. denied*, 459 U.S. 1102, 103 S.Ct. 723, 74 L.Ed.2d 949 (1983); *Jones v. United States*, 229 Ct.Cl. 700, 702 (1981); *Goewey v. United States, supra*, 222 Ct.Cl. at 108, 612 F.2d at 541. In this case, the

**2.** Plaintiff has conceded that its First, Fourth and Seventh Claims for relief in the District Court action were contractually oriented and in filing its amended complaint on October 12, 1984, plaintiff dropped the First, Fourth and Seventh claims which it had previously set out in its June 10, 1982, complaint.

District Court has previously held that it had no jurisdiction over the claims asserted by plaintiff seeking injunctive and other equitable relief, as well as relief under the Administrative Procedure Act.[3] The case at bar which plaintiff seeks to transfer back to the District Court, contains claims significantly similar, if not identical in many respects, to the claims the District Court previously found it lacked jurisdiction to address because of sovereign immunity.[4] Upon review of the materials at hand, which includes the record before the District Court, the court determines that retransfer of this case to the District Court most probably would result in an order similar to the previous order, *i.e.*, a lack of jurisdiction to hear the claims in the District Court on the ground of sovereign immunity. It would not further the interests of justice to retransfer this case to a District Court that had previously held itself without jurisdiction to hear the same claims. *See Berton Siegel, D.O. Ltd. v. United States*, 231 Ct.Cl. 895, 896 (1982); *Moss v. United States*, 229 Ct.Cl. 837, 841 (1982); *L'Enfant Plaza Properties, Inc. v. United States*, 227 Ct.Cl. 1, 11–12, 645 F.2d 886, 892 (1981).[5]

Even if one were to give plaintiff all benefits of any possible doubt relative to the probable jurisdictional determination of the District Court on retransfer, *see Lawson Myers III, d/b/a Boaz Hospital v. United States*, 231 Ct.Cl. 965, 967 (1982); *but see C.J. Dugan & Oters Mills, Inc. v. United States*, 227 Ct.Cl. 613, 616 (1981),

another reason exists which militates against granting plaintiff's transfer request. Plaintiff presently has pending in this court a complaint involving damage claims growing out of some 18 timber sale contracts it had with the Forest Service during the period 1976–1981. (Docket No. 385–81C.) A review of the District Court record reveals discussions, comments and arguments on these contracts which formed the basis of plaintiff's request for relief from the District Court. In its Docket No. 385–81C complaint, as amended, plaintiff challenges in various aspects the administration of the Forest Service Timber Sales Program in the Black Hills National Forest. The District Court, in transferring this case to the Court of Claims (now Claims Court) noted that "plaintiff has already filed a complaint in the Court of Claims (Docket No. 385–81C) arising from the same factual core presented in this action."

In Docket No. 385–81C, plaintiff attacks the treatment it has received in bidding on and performing Forest Service timber sale contracts and challenges the validity of various Forest Service timber sale procedures, appraisals and regulatory decisions relative to the Timber Sale Program in the Black Hills National Forest. Accordingly, in its action alleging contract breaches, plaintiff has an available forum in which to challenge the constitutionality and the procedural, statutory and regulatory actions of the Forest Service in the bidding, letting and administration of its Timber Sale Pro-

3. Plaintiff's appeal of the District Court order to the United States Court of Appeals for the Tenth Circuit was dismissed on May 1, 1984, for lack of jurisdiction since the order being appealed was not a final order. It would appear that the proper way to seek appellate review of a lower court transfer order is by way of mandamus. *See* 9 J. Moore, *Moore's Federal Practice* ¶ 110.13[6], p. 177 (2d ed. 1983).

4. It is to be remembered that three of the claims which were before the District Court and which the District Court concluded were contractually oriented and thus most probably within the jurisdiction of the Court of Claims (the First, Fourth and Seventh claims For Relief) are not part of the case which plaintiff seeks to retrans-

fer. Plaintiff eliminated these claims from its amended complaint in this case as indicated previously, *see* note 2, *supra.*

5. Defendant suggests that the District Court's holding that it lacked jurisdiction to consider plaintiff's claims should be conclusive and binding on this court under the doctrine of "law of the case," citing *Department of Nat. Res. & Cons. of State of Montana v. United States*, 1 Cl.Ct. 727, 733 (1983) and *United States v. Turtle Mountain Band*, 222 Ct.Cl. 1, 612 F.2d 517 (1979). The court does not feel it necessary to rely on that doctrine in disposing of the matter at hand. *See generally* 9 J. Moore, *Moore's Federal Practice* ¶ 110.13[6], pp. 178–79 (2d ed. 1983).

gram in the Black Hills National Forest. Therefore, refusal to retransfer this case to the District Court does not work a significant prejudice on plaintiff as might otherwise be the case if Docket No. 385–81C were not pending. Since plaintiff has an adequate remedy at law by means of litigating Docket No. 385–81C in this court, the efficacy of the equitable remedies it seeks to pursue in the District Court on the same core facts present in Docket No. 385–81C is greatly diminished, if not eliminated. Plaintiff, under the circumstances of this case, should not be allowed to occupy the dockets of two courts. Docket No. 385–81C is available to provide plaintiff with all the relief it is entitled to receive. The District Court should not be burdened further in this regard.[6]

### III.

As a result of the above discussion, plaintiff's motion to transfer this case to the District Court for the District of Colorado is denied, with plaintiff's complaint to be dismissed for want of jurisdiction.

---

**6.** The record before the District Court was rather voluminous. The District Court's consideration of the matter, when the case was before it previously, was thorough and careful. The matter undoubtedly occupied a considerable amount of the time of the District Court.