**Richard L. SCHNELLE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 05–399C.

United States Court of Federal Claims.

Jan. 17, 2006.

Richard L. Schnelle, Natchitoches, LA, pro se plaintiff.

Marla T. Conneely, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. Neha Nagar, U.S. Department of Agriculture, Washington, DC, of counsel.

## ORDER OF DISMISSAL

FIRESTONE, Judge.

This case comes before the court on a motion by the defendant, the United States ("government" or "United States"), to dismiss the complaint of the plaintiff, Richard L. Schnelle ("plaintiff"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The plaintiff alleges that the United States Forest Service ("Forest Service") breached its July 1997 and November 1997 settlement agreements ("agreements") with the plaintiff. The two agreements at

issue had resolved complaints that the plaintiff had filed with the Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination and reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2000) ("Title VII"). The plaintiff seeks damages in the amount of $800,000. The government contends that this court lacks jurisdiction because the plaintiff fails to present a claim for actual money damages that are presently due and because the claims accrued outside the statute of limitations. Alternatively, the government argues that the plaintiff has failed to state a claim because the alleged breach was not the proximate cause of the damages claimed. For the reasons set forth below, the government's motion is **GRANTED** and the plaintiff's complaint must be dismissed.

## STATEMENT OF FACTS

For purposes of this motion, the following facts taken from the plaintiff's March 24, 2005 complaint are deemed true. The plaintiff filed complaints with the EEOC in 1994 and 1995 alleging employment discrimination and reprisal for filing an employment discrimination complaint against the Forest Service. In June and November 1997, the plaintiff and the Forest Service signed two settlement agreements. The settlement agreements provide, in relevant part, the following: (1) the terms of the agreements would be kept confidential, June 1997 agreement at 3 ("To the extent permitted by law, not to disclose, publicize, discuss or permit access to ... information or records relating to the terms of this agreement except to those who have a need to know in the conduct of official business."), Nov. 1997 agreement at 3 ("The terms of this agreement are to remain confidential and not be divulged, publicized, or communicated to other persons without the expressed written consent of the Complainant and the Agency, provided, however ... that the Agency and the Complainant may disclose the terms of this agreement to those who have a 'need-to-know' the contents of this agreement in the performance of their official duties."); (2) the government would give lump sum payments to the plaintiff, June 1997 agreement at 1, Nov. 1997 agreement at 1; (3) the government would

provide a neutral employment reference on behalf of the plaintiff, June 1997 agreement at 1; and (4) the plaintiff would start the position of a "permanent seasonal GS–4652–5, Lead Forestry Technician (working title: Fire Engine Operator) ... effective March 29, 1998" Nov. 1997 agreement at 2.

The plaintiff resumed employment with the Forest Service in March 1998 and was fired in August 1998 for misconduct.

The plaintiff filed suit in the U.S. District Court for the District of Colorado in 2001, alleging that he was not fired for misconduct but was fired in reprisal for his earlier EEOC complaints and that the government had violated the settlement agreements. The district court issued an order granting summary judgment for the government on February 24, 2004, stating that the plaintiff had failed to show that his firing was in reprisal for his EEOC complaints or that the government's reasons for firing the plaintiff were not based on the plaintiff's misconduct. In addition, the district court stated that there was no evidentiary basis for the plaintiff's belief that the government officials responsible for firing him knew of his prior EEOC complaints. As for the plaintiff's breach of contract claim based on alleged violations of the settlement agreements, the district court stated that the Court of Federal Claims had exclusive jurisdiction over the alleged breach of contract claim.

Thereafter, on March 24, 2005, the plaintiff filed suit in this court, alleging that the government breached the two settlement agreements and seeking damages in the amount of $800,000. While the alleged breaches are not entirely clear from the plaintiff's complaint, it appears that the plaintiff is alleging that the government breached the confidentiality provisions of the agreements. The plaintiff also appears to allege that the government failed to provide the plaintiff with a neutral job reference and that his having been fired was a breach of the agreements.

On July 28, 2005, the government filed a motion to dismiss the plaintiff's complaint pursuant to RCFC 12(b)(1) and 12(b)(6). The government contends that this court lacks jurisdiction over the plaintiff's claim

because he fails to present a claim for "actual, presently-due money damages from the United States." *United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The government also contends that the plaintiff's case is barred by the applicable statute of limitations.

On November 23, 2005, the court ordered the parties to provide supplemental briefing on the issue of whether this court has subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), over claims alleging a breach of a Title VII settlement agreement.

In his supplemental brief, the plaintiff contends that this court lacks jurisdiction, and requests that the court transfer his case to a federal district court with jurisdiction or refer the matter to alternative dispute resolution.

In its supplemental brief, the government contends that the mere fact that the claim involves a Title VII agreement does not defeat this court's jurisdiction where a plaintiff seeks solely monetary damages and where the court does not need to interpret substantive Title VII provisions. The government argues that the reasoning of the Federal Circuit in *Massie v. United States*, 166 F.3d 1184 (Fed.Cir.1999) (holding that this court has jurisdiction to entertain an action for a breach of an agreement under the Military Claims Act) should be extended to Title VII settlement agreements.

The court has determined that oral argument is not necessary to resolve the legal issues presented in the government's motion to dismiss.

## DISCUSSION

### I. Standard of Review and Jurisdiction

#### A. Standard of Review

This court must determine at the outset whether it has jurisdiction over the plaintiffs' claims, and if jurisdiction is lacking, the court must dismiss the claims under RCFC 12(b)(1). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005).

Where the government has raised the issue of jurisdiction in a dispositive motion, the plaintiff bears the burden of establishing jurisdiction. *Myers v. United States*, 50 Fed. Cl. 674, 680 (2001); *see Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). The court construes allegations in the complaint most favorably to the plaintiff, resolving ambiguities in its favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, the court may look beyond the pleadings and "inquire into jurisdictional facts" in order to determine whether jurisdiction exists. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991). In the present case, the court has been presented with matters outside the pleadings, namely documents offered by the plaintiff and the government in the appendices to their respective filings. The court will rely on these matters to the extent that they allow the court to determine whether it has jurisdiction over this case.

#### B. Jurisdiction

In this case, both parties contend that this court lacks subject matter jurisdiction over the plaintiff's claim. The government contends that this court lacks jurisdiction because the plaintiff has not presented a claim for actual money damages that are presently due and because the claim accrued outside the statute of limitations period. The plaintiff contends that this court lacks jurisdiction because the claim involves an alleged breach of a Title VII settlement agreement. Because the court determines that it lacks jurisdiction based on the plaintiff's failure to present a claim for actual money damages, the court does not address whether the statute of limitations would also bar the plaintiff's claim or whether this court lacks jurisdiction over a claim involving a Title VII settlement agreement.[1]

1. Whether this court has jurisdiction over a    claim for a breach of a Title VII agreement

■ The Federal Circuit has stated that, in order to invoke this court's jurisdiction, a plaintiff's "claim must ... be for money." *New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed.Cir.1997). The United States Supreme Court has explained that the claim presented must be for "actual, presently due money damages from the United States." *King*, 395 U.S. at 3, 89 S.Ct. 1501. It is not simply enough, however, for a plaintiff to present a claim for money. *Griswold*, 61 Fed.Cl. at 465. To determine whether a plaintiff's breach of contract claim falls within this court's jurisdiction, this court must determine whether the plaintiff has established that a "substantive right enforceable against the United States for money damages" exists. *Id.* (quoting *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The alleged substantive right must be of the type that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 466 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967)).

■ The government contends that this court lacks jurisdiction over the plaintiff's claim because the settlement agreements do not mandate monetary compensation by the government for breaches of the agreements. Rather, the government contends, the settlement agreements provide that the remedy for non-compliance with the agreements is the reinstatement of the original EEOC complaints. Specifically, the government relies on the language of the agreements to the effect that: "The parties acknowledge either party's right, pursuant to 29 C.F.R. [§] 1614.504, to request that the terms of this settlement agreement be implemented, or alternatively, that the above referenced complaints be reinstated if either party does not carry out or rescinds any portion of this agreement. In the event of noncompliance, the complaining party must notify the Employment Complaints Adjudication Staff, U.S. Department of Agriculture ... within 30 days of when they knew or should have known of the alleged noncompliance." June 1997 agreement at 3.[2]

The government argues that its view is supported by *Griswold*, 61 Fed.Cl. at 466, which also involved a Title VII settlement agreement. In *Griswold*, the plaintiffs alleged that they had not been notified of the date of the next civil service examination, as required by their settlement agreement with the United States Postal Service. *Id.* at 466. The *Griswold* court held that the "substantive right" to notice contained in the agreement could not, based on its understanding of the cases interpreting the Tucker Act, be "fairly interpreted" as requiring the government to pay money for the "damage sustained." 61 Fed.Cl. at 466 (quoting *Eastport S.S. Corp.*, 372 F.2d at 1009). Therefore, the court held that the plaintiffs could not "avail themselves of the jurisdiction of this court to obtain 'compensatory' damages." *Id.*

The court agrees with the government that this case must be dismissed on the grounds that the plaintiff has not presented a claim for actual money damages that are presently due.[3] The settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements. Rather, the settlement agreements provide that, in the case of non-compliance with the agreements,

---

remains an open question. In certain cases, this court has held that it does not have jurisdiction over claims based on Title VII settlement agreements. *See Griswold v. United States*, 61 Fed.Cl. 458 (2004); *Taylor v. United States*, 54 Fed.Cl. 423 (2002). However, the Court of Appeals for the District of Columbia Circuit has recently held that the Court of Federal Claims has jurisdiction over certain claims for breach of a Title VII settlement agreement. *Hansson v. Norton*, 411 F.3d 231, 232 (D.C.Cir.2005).

**2.** A similar provision related to the remedy for non-compliance with the agreement is contained in the November 1997 settlement agreement.

**3.** The court is aware that the district court indicated that Mr. Schnelle would need to file a breach of contract claim against the government in this court. However, the district court did not have the power to determine whether this court actually had jurisdiction to adjudicate this claim. *Hoch v. United States*, 31 Fed.Cl. 111, 113 n. 1 (1994) ("[T]he transferor court lacks jurisdiction to rule on the power of the Court of Federal Claims to adjudicate plaintiff's case."). Regardless of the district court's ruling, the court must first determine whether it has jurisdiction.

the plaintiff may request compliance with the agreements or reinstatement of the EEOC complaints by notifying the appropriate office within the U.S. Department of Agriculture. June 1997 agreement at 3; Nov.1997 agreement at 3. The agreements are consistent with the EEOC regulations which provide that the remedy for failing to comply with the terms of a settlement agreement is for the complainant to "request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a) (2005). In addition, several federal district courts have recently held, based on the language of similar settlement agreements and the EEOC regulations, that monetary damages are not available for a breach of a Title VII settlement agreement. *See Morley v. Potter,* No. C–04–5211FDB, 2005 WL 2406161, at *4 (W.D.Wash. Sept.29, 2005) (stating that the plaintiff would not be entitled to monetary damages if the court were to determine that the government had breached the settlement agreement); *Frahm v. United States,* No. 4:02CV00089, 2005 WL 1528421, at *3 (W.D.Va. June 23, 2005) (stating that the plaintiff's only available remedy was to reinstate her Title VII claim of discrimination). The court concurs with the reasoning in these cases and *Griswold.*

Accordingly, because the plaintiff has no right to money damages for breach of his settlement agreements, he has failed to establish jurisdiction in this court.[4]

## CONCLUSION

For all of these reasons, the government's motion to dismiss is GRANTED. The Clerk of Court is directed to enter an appropriate judgment of dismissal. Each party shall bear its own costs.

**IT IS SO ORDERED.**

---

4. The court declines to transfer the case to the district court because such a transfer would be futile. Here, the district court has already ruled on the merits of the plaintiff's reprisal claim and has held that it lacks jurisdiction over the plain-

tiff's breach of contract claim. A case should not be transferred to a district court if it most probably would be a futile act. *Little River Lumber Co. v. United States,* 7 Cl.Ct. 492, 494 (1985).