James ABERNATHY, Appellant,

v.

UNITED STATES POSTAL
SERVICE, Appellee.

No. 82–1845.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1984.

Decided Aug. 3, 1984.

William R. Merryman, Wickersham &
Merryman, Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Judith M.
Strong, Asst. U.S. Atty., W.D. Mo., Kansas
City, Mo., Stephen E. Alpern, Associate
Gen. Counsel, U.S. Postal Service, Wash-
ington, D.C., Gregg R. Sackrider, Senior

Asst. Regional Labor Counsel, U.S. Postal Service, Chicago, Ill., for appellee.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

James Abernathy brought this action to set aside an arbitrator's award sustaining his discharge from the United States Postal Service. He appeals from the dismissal of his complaint. The district court [1] held that Abernathy's action against the Postal Service under 39 U.S.C. § 1208 (1982) was subject to the Missouri statute of limitations on actions challenging arbitration awards, Mo.Rev.Stat. § 435.120 (1978), and that failure to give ten days notice to the adverse party as that statute required barred Abernathy's action. It also concluded that, absent a claim of inadequate union representation, review of the arbitrator's award was foreclosed under the terms of the collective bargaining agreement, and that 39 U.S.C. § 1005(a) (1982) did not authorize judicial review of an arbitrator's findings and rationale. On appeal, Abernathy argues that the district court erred in its rulings. He specifically contends that he should have been permitted to amend his complaint to substitute as party plaintiff the union which, unlike Abernathy, could legally challenge a binding arbitration decision. We conclude, in light of recent Supreme Court authority, that section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982), with its six-month statute of limitations is applicable to Abernathy's claim, and that he therefore timely filed his complaint. We affirm the dismissal of the complaint, however, because we conclude that the award was final.

The United States Postal Service discharged Abernathy for submitting fraudulent documents to obtain paid leave. His union filed a grievance and took the matter to arbitration pursuant to the collective bargaining agreement. The arbitrator upheld Abernathy's discharge, finding that documents supposedly signed by Abernathy's military commanding officer, stating that his active duty had been extended one day because of the eruption of Mount St. Helens, were false, and that Abernathy had actually returned to Kansas City in time to report for work. Under the collective bargaining agreement, arbitration decisions are final and binding.

Seeking reinstatement, Abernathy brought this action against the Postal Service to have the arbitration decision declared null and void. He alleged that the decision was not rendered within thirty days of the hearing, as required under the collective bargaining agreement, but in excess of one hundred days; that the arbitrator improperly interpreted the legal effect of the collective bargaining agreement; that the award was arbitrary, capricious and without foundation in law or fact; that the arbitrator exceeded his jurisdiction by going beyond the terms of the agreement; and that the award was not derived from the terms and provisions of the collective bargaining agreement. Abernathy also claimed that the delay denied him his rights of due process under the fourteenth amendment.

The district court, in an order entered June 10, 1982, rejected the government's contention that the ninety-day federal statute of limitations governing arbitration challenges, 9 U.S.C. § 12 (1982), should apply. Instead, the court concluded that, because the language of 39 U.S.C. § 1208(b) was identical to that of section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185 (1982), then under the holding of *Internat'l Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966), the analogous state statute of limitations would apply. It further concluded that the most appropriate statute of limitations would be that governing arbitration award challenges. Accordingly, the district court ap-

---

**1.** The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

plied Mo.Rev.Stat. § 435.120,[2] which not only required such actions to be filed at the next term of court[3] but also required that the adverse party be notified in writing at least ten days beforehand. Because such notice had not been given, Abernathy's action was held barred. The district court also held that because Abernathy had not alleged inadequate union representation, the decision of the arbitrator would be final and binding. It rejected Abernathy's due process argument, concluding that any right bestowed was simply to utilize the procedures provided in the collective bargaining agreement, and finding that the thirty-day time period for rendering an award was not mandatory.

After Abernathy's case was appealed to this court, we held it in abeyance pending the Supreme Court's decision in *DelCostello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The district court, of course, did not have the benefit of *DelCostello*, which was decided nearly a year after its order.

## I.

We must determine what statute of limitations governs an action brought under section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), against the United States Postal Service for breach of a collective bargaining agreement. Section 1208(b), like its private sector counterpart, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, contains no statute of limitations and thus requires that an appropriate one be borrowed. Because section 1208(b) is essentially identical to section 301, *see Bowen v. United States Postal Service*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983), we may properly rely upon case law concerning the borrowing of a statute of limitations in section 301 actions.

In *Internat'l Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court held that the timeliness of a union's section 301 action against an employer to recover accumulated vacation pay was to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *Id.* at 704–05, 86 S.Ct. at 1112–13. Interpreting *Hoosier Cardinal*, we determined in *Butler v. Local Union 823, Internat'l Brotherhood of Teamsters*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975), that the state statute of limitations for actions based on written contracts governed an employee's suit brought both against the employer for breach of a collective bargaining agreement under section 301, and against the union for breach of the duty of fair representation. The district court in the present case relied upon *Hoosier Cardinal* and *Butler* in concluding that the Missouri statute of limitations applied.

In *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court considered which of two state statutes of limitations should apply to an employee's section 301 action against the employer, brought specifically to vacate an arbitration award. In choosing between the two, the Court emphasized that federal labor law policies supported the imposition of the shorter limitations period. The Court expressly left open the questions of whether its holding would apply to an employee's action against a union, as the union defendant had not sought certiorari, and whether a federal statute should apply, as neither party had raised that issue.

In *DelCostello v. Internat'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476, the Supreme Court resolved the questions it had left open in *Mitchell*. *DelCostello* involved two consol-

---

2. The district court used section 435.120 because Missouri did not adopt the Uniform Arbitration Act until after the effective period of the collective bargaining agreement.

3. "Terms of court" in Missouri do not now have the significance they once did. *See* Mo.Rev. Stat. § 478.205 (1978).

idated cases, one challenging a labor arbitration award, the other challenging a decision of a joint union-management committee. Each suit had been brought by an employee against his employer, alleging violation of the collective bargaining agreement, as well as against his union, alleging violation of the duty of fair representation. In one case, the Fourth Circuit had held that both the claim against the employer and the claim against the union were subject to Maryland's thirty-day statute of limitations for actions to vacate arbitration awards. In the other case, the Second Circuit had decided that New York's ninety-day arbitration statute of limitations applied to the claim against the employer, while that state's three-year statute of limitations for legal malpractice actions applied to the claim against the union. The Supreme Court consolidated the cases to consider whether the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982), should apply instead.

In a thorough analysis of its earlier decisions, particularly *Mitchell* and *Hoosier Cardinal,* the Supreme Court decided that this federal statute of limitations should apply, and that it should apply to both types of claims. The Court characterized the two causes of actions as follows:

> The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.' "

*DelCostello,* 462 U.S. at ——, 103 S.Ct. at 2290 (quoting *Mitchell,* 451 U.S. at 66–67, 101 S.Ct. at 1565–1566 (Stewart, J., concurring)). Thus, the suit was a "hybrid § 301/fair representation claim" rather than a straightforward section 301 breach of contract suit like that involved in *Hoosier Cardinal.* The Court concluded that no close analogy existed in state law for this type of hybrid claim.

It also concluded that the analogy drawn in *Mitchell, i.e.,* between an employee's challenge to a labor arbitration award and a commercial arbitration challenge, was flawed. A relatively short limitations period would be appropriate in the commercial arbitration context, the Court reasoned, as any challenge would rarely raise any new issues, and as participants in the process generally have at least adequate experience or have counsel. The same limitations period, though, would typically be too short for labor arbitration challenges:

> [T]he employee will often be unsophisticated in collective-bargaining matters, and he will almost always be represented solely by the union. He is called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit.

*DelCostello,* 462 U.S. at ——, 103 S.Ct. at 2291. Moreover, the Court pointed out that applying a state commercial arbitration limitations period to an employee's suit against the employer would foreclose damages otherwise recoverable in the commercial setting.

> In a commercial setting, a party who sued his lawyer for bungling an arbitration could ordinarily recover his entire damages, even if the statute of limitations foreclosed any recovery against the opposing party to the arbitration. The same is not true in the § 301/fair representation setting, however.... [T]he union may be held liable *only* for "increases if any in [the employee's] damages caused by the union's refusal to process the grievance." [citations omitted.]

*Id.* at 4, 103 S.Ct. at 2292.

On the other hand, the Supreme Court recognized that federal policies favor the

relatively rapid final resolution of labor disputes. Justice Stevens had suggested in a separate decision in *Mitchell* that an unfair representation claim against a union was most analogous to a legal malpractice claim. The *DelCostello* Court, however, observed that most states' statutes of limitations for legal malpractice actions allow for a period of several years, which would be too long. *Id.* at —— & n. 18, 103 S.Ct. at 2292 & n. 18.

The Supreme Court concluded that the six-month statute of limitations for bringing charges of unfair labor practices to the National Labor Relations Board under section 10(b) of the National Labor Relations Act should apply. It observed that the statute was designed to accommodate a very similar balance of interests. In particular, the Court likened allegations of a union's breach of the duty of fair representation to charges of unfair labor practices. It also recognized a close similarity between the respective considerations relevant to the choice of a limitations period; section 10(b) reflected a "proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." *Id.* at ——, 103 S.Ct. at 2294 (quoting *Mitchell*, 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J., concurring)).

In light of *DelCostello*, both Abernathy and the Postal Service agree that a federal statute of limitations should apply, but disagree as to which one. The Postal Service argues that because Abernathy has not alleged that the union breached the duty of fair representation, his suit should be analogized to commercial arbitration award challenges and hence the ninety-day federal limitations period under 9 U.S.C. § 12 should apply. Abernathy contends that the six-month statute of limitations under section 10(b) should apply here because the Supreme Court in *DelCostello* did not distinguish a "hybrid" claim against both union and employer from a "straightforward" claim against an employer only. He also contends that because collective bargaining agreements are excluded from coverage by 9 U.S.C. § 1, the federal arbitration statute of limitations cannot be applied.

■ The Supreme Court's holding and analysis in *DelCostello* compel us to conclude that the six-month statute of limitations under section 10(b) should also be applied to Abernathy's action. The postal workers' collective bargaining agreement, which provides that arbitration shall be final and binding, precludes an employee's challenge to an arbitration award, absent a claim of inadequate union representation. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Smith v. Daws*, 614 F.2d 1069 (5th Cir.), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 567, 66 L.Ed.2d 469 (1980). Thus, while Abernathy has sued only the Postal Service and not the union, clearly he could challenge the arbitration award only if he were to show that the union breached its duty of fair representation. As the Court in *DelCostello* recognized, "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." 462 U.S. at ——, 103 S.Ct. at 2291. Therefore, to the extent Abernathy has stated a cause of action against the Postal Service, it is essentially a *DelCostello* hybrid suit because he must show a breach of duty by the union to succeed against the employer regardless of whether the union is a named defendant.

The analysis in *DelCostello* applies persuasively to this case. Abernathy was represented at his arbitration solely by his union. Within the limitations period he would be expected to evaluate the adequacy of the union's representation, to investigate matters outside the scope of the arbitration, and to frame his suit. If he were to be barred from suing the Postal Service by the shorter federal arbitration statute of limitations, he would be unable to obtain alternative recourse by suing his union. These were the precise considerations that convinced the Supreme Court to apply the

six-month limitations period under section 10(b) instead of a typically shorter state arbitration statute of limitations.

Moreover, the uniquely federal interests at stake in the present case are even more compelling than those in *DelCostello*. Here we not only consider the strong federal interests in accommodating national labor policies, we also consider that the Postal Service, which exists by virtue of an Act of Congress, is a nationwide employer. Congress has specifically addressed employee-management relations with respect to the Postal Service. 39 U.S.C. §§ 1201–1209 (1982). The collective bargaining agreement involved here, including its arbitration provisions, is likewise national in scope. We conclude that the need for uniformity, as well as the compelling federal labor law considerations, support the application of section 10(b)'s six-month statute of limitations here. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971) ("A special federal statute of limitations is created, as a matter of federal common law, only when the need for uniformity is particularly great or when the nature of the federal right demands a particular sort of statute of limitations.").

Insofar as *DelCostello* controls our decision, this court has held that it applies retroactively. *Lincoln v. District 9 of the Internat'l Ass'n of Machinists*, 723 F.2d 627 (8th Cir.1983). Thus we conclude that Abernathy's action should be governed by the six-month statute of limitations under section 10(b) and that it was therefore timely filed.[4]

## II.

Although Abernathy timely filed his complaint, we nonetheless conclude that the district court properly dismissed it on the alternative ground that the arbitrator's award was final and binding under the terms of the collective bargaining agreement.[5] Such contract finality provisions preclude review of the correctness of an arbitrator's decision in an employee's section 301 action, absent a claim of inadequate union representation. *Hines v. Anchor Motor Freight, supra*. Moreover, under section 1005(a) of the Postal Reorganization Act, 39 U.S.C. § 1005(a), review of an arbitrator's award is likewise limited in a postal worker's section 1208(b) action. *Smith v. Daws*, 614 F.2d at 1073. Abernathy does not contend that he was unfairly represented by his union. Indeed, his complaint states that the "arbitration was held pursuant to the terms and provisions of the collective bargaining agreement by an arbitrator duly selected between the parties to said agreement." The district court correctly concluded that Abernathy's claim was barred by the collective bargaining agreement's finality provision:

If the arbitrator's finding of just cause for termination based on his conclusion that the plaintiff knowingly misrepresented that he was absent from Kansas City on military leave, a fact the plaintiff does not dispute, was erroneous, "the grievance processes cannot be expected to be error-free. The finality provision has sufficient force to surmount occasional instances of mistake." *Hines, supra*, 424 U.S. at 571, 96 S.Ct. at 1059, quoted in *Smith, supra*, at 1073.

---

**4.** We need not address the issue of whether *DelCostello* would be controlling if the union, rather than Abernathy, were bringing suit against the Postal Service. Arguably, if the union were plaintiff then there would be no need to probe the adequacy of the union's representation at arbitration, nor would the problem of an unsophisticated plaintiff concern us. Yet, the interests of federal labor law would suggest that a uniform statute of limitations be applied. Because the union has not brought suit, however, that issue is not before us.

**5.** Article XV of the National Agreement, section 4, paragraph 6 provides:

All decisions of an arbitrator will be final and binding. All decisions of arbitrators shall be limited to the terms and provisions of this Agreement, and in no event may the terms and provisions of this Agreement be altered, amended, or modified by an arbitrator.

Stipulation of Parties, Exhibit A.

618

■ Abernathy further argues that because the district court failed to grant his motion to substitute the local union as plaintiff,[6] the claim should not have been dismissed. While a fairly represented employee is bound by the finality provisions of the collective bargaining agreement, a union, as party to the agreement, may challenge the arbitration award under certain limited circumstances, essentially where the arbitrator exceeds his or her authority. *See Bacardi Corp. v. Congreso de Uniones Industriales de Puerto Rico*, 692 F.2d 210, 211 (1st Cir.1982); *American Postal Workers v. United States Postal Service*, 682 F.2d 1280, 1286 (9th Cir.1982), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). Abernathy's complaint, however, does not so challenge the award; the district court observed that it simply attacks the merits of the award:

> Despite some conclusory language that the terms of the bargaining agreement themselves were violated, all factual allegations, on the face of the complaint, relate to the merits of the arbitrator's decision and essentially seek to have the Court substitute its judgment for that of the arbitrator. Such a substitution is clearly proscribed under traditional principles articulated in the *Steelworkers* trilogy and countless subsequent cases.

Regardless of whether it is the union or the employee who sues, federal courts will not review the merits of an arbitration award; an award will not be vacated because of erroneous findings of fact or misinterpretations of law. *American Postal Workers*,

682 F.2d at 1285. Assuming that Abernathy was correct in arguing that the district court should have permitted substitution of the local union as plaintiff, dismissal of the complaint was inevitable. A district court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (amendment denied where futile). Thus, it would be pointless to remand this case to the district court to rule on Abernathy's motion.

We have carefully considered Abernathy's contentions and agree that, in light of *DelCostello*, the six-month statute of limitations of section 10(b) governs his complaint. Because his complaint essentially seeks review of the merits of the arbitrator's award, and because he does not allege unfair union representation, however, the complaint was properly dismissed. We affirm the judgment of the district court.

**6.** Because it concluded that the union would also be barred by failure to give the ten-day notice, the district court declined to rule on Abernathy's motion to substitute the union as plaintiff. Under Federal Rules of Civil Procedure 15(c) and 17(a), a complaint may be amended to substitute a new plaintiff who is the real party in interest. *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384 (S.D.N.Y. 1977). In this case, though, it is far from certain that the local union is the real party in interest. The Postal Service argues that the local was not a party to the National Agreement, hence it is barred by the finality provisions to the same extent as Abernathy. Abernathy has

not contested this argument and the designated record does not show whether the local was a party or whether it had obtained authority from the national union to sue. *See Nat'l Post Office Mail Handlers Local No. 305 v. U.S. Postal Service*, 594 F.2d 988 (4th Cir.1979); *Pittsburgh Metro Area Postal Workers Union v. United States Postal Service*, 463 F.Supp. 54 (W.D.Pa. 1978), *aff'd mem.*, 609 F.2d 503 (3d Cir.1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1598, 63 L.Ed.2d 785 (1980). Nor is there any indication that the local even wishes to be a party to this action; Abernathy apparently has attempted to substitute the local unilaterally while the local's interests may conflict with his.