787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORMAN LEE VADEN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 84-6106
 United States Court of Appeals, Sixth Circuit.
 3/13/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing his civil action for review of an arbitrator's award. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a former Postal Service employee who was discharged in July, 1983. He filed a grievance which resulted in arbitration. On November 1, 1983, the arbitrator issued a decision finding the plaintiff's discharge to have been for good cause and thus not violative of the collective bargaining agreement.
 
 
 3
 The plaintiff filed the present action in the Chancery Court for Blount County, Tennessee, in July, 1984. The complaint made reference to Tennessee statutes pertaining to the vacation of arbitration awards and retaliatory discrimination in employment and asserted that (1) the plaintiff's former Postal Service supervisors knew of information tending to show he was not guilty of wrongdoing, but nonetheless did nothing to correct the discharge, (2) the discharge was in retaliation for prior charges of discrimination made by the plaintiff, and (3) the arbitration proceedings were marred by the Postal Service's fraud and corruption and the arbitrator's partiality. He sought vacation of the arbitrator's decision, an injunction prohibiting the Postal Service from attempting to collect the shortages found in the plaintiff's accounts, and reinstatement to his former position.
 
 
 4
 The Postal Service had the action removed to federal district court where it moved for dismissal. Characterizing the action as one for vacation of an arbitrator's decision under the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq., the Postal Service argued the action was untimely filed under the Act's three-month statute of limitations, 9 U.S.C. Sec. 12, and that the plaintiff lacked standing to bring the action. The plaintiff did not respond to the motion. In an order of November 14, 1984, the district court dismissed the action as untimely filed under Sec. 12 and its Tennessee counterpart, T.C.A. Sec. 29-5-213(b). This appeal followed.
 
 
 5
 The plaintiff argues on appeal that the district court erred in dismissing his action under Sec. 12. He argues instead that the complaint stated a cause of action under a Tennessee statute prohibiting retaliation for an employee's filing of discrimination charges, T.C.A. Sec. 4-21-124, now transferred to T.C.A. Sec. 4-21-311 (Michie 1985), and thus subject to a Tennessee one-year statute of limitations.
 
 
 6
 We disagree with this characterization of the plaintiff's action. As an action against the Postal Service, original jurisdiction of this action lay in the federal district court. 39 U.S.C. Sec. 409(a). As such, any attempts to have the arbitrator's decision vacated on grounds the proceedings were marred by fraud or partiality must be brought under Sec. 10 of the Arbitration Act, 9 U.S.C. Sec. 10. Corey v. New York Stock Exchange, 691 F.2d 1205, 1211-13 (6th Cir. 1982). See also Sheet Metal Workers, Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745-46 (9th Cir. 1985). Section 12 was therefore applicable to that portion of the plaintiff's action.
 
 
 7
 To the extent the plaintiff sought review of the underlying labor dispute, his cause of action lay under 39 U.S.C. Sec. 1208(b). That section is an analogue to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and subject to the same statute of limitations. See Lawson v. Teamsters Local 100, 698 F.2d 250, 254-55 (6th Cir.), cert. denied, 464 U.S. 814 (1983); Abernathy v. USPS, 740 F.2d 612 (8th Cir. 1984). The applicable statute of limitations, therefore, is the six-month period provided by Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). DelCostello v. Teamsters, 462 U.S. 151 (1983); Abernathy v. USPS, supra. Here the plaintiff's complaint fell outside that limit.
 
 
 8
 To the extent the plaintiff attempted to raise a claim of retaliation, his exclusive remedy as a federal employee is Sec. 717 of Title VII, 42 U.S.C. Sec. 2000e-16. Brown v. GSA, 425 U.S. 820 (1976); James v. Rumsfeld, 580 F.2d 224, 225-26 (6th Cir. 1978). See also Garman v. USPS, 509 F.Supp. 507, 514 (N.D. Ind. 1981); Tufts v. USPS, 431 F.Supp. 484, 487 (N.D. Ohio 1976). Here, he did not attempt to show the exhaustion of administrative remedies which is a prerequisite for an action under Sec. 717. See Prewitt v. USPS, 662 F.2d 292, 303 (5th Cir. 1981).
 
 
 9
 For the reasons stated above,
 
 
 10
 It is ORDERED that the district court's dismissal of the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.