Helen Terry JACKSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 147–86C.

United States Claims Court.

Sept. 10, 1986.

William Bingham, Fort Washington, Md., for plaintiff.

Linda T. Maramba, with whom were Asst. Attys. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Wash., D.C., for defendant; D. Richard Froelke, of counsel.

## OPINION

BRUGGINK, Judge.

Pending before the court is Defendant's Motion to Dismiss, or in the Alternative, Defendant's Motion for Summary Judgment (hereafter, motion to dismiss). In addition, in her response, plaintiff has asked that if the action is dismissed for lack of jurisdiction, it be transferred to a district court. Because the court finds that it lacks jurisdiction over the matters complained of, the motion to dismiss is granted. The court also finds that the test of 28 U.S.C. § 1631 (1982) for transfer has not been met.

## I. FACTS

Plaintiff was employed as a Distribution Clerk, PS-6, by the U.S. Postal Service in Washington, D.C. She was terminated from that position for conduct unbecoming a postal employee, effective at the close of business on October 30, 1981, and initiated a grievance over the matter. Following the required processing within the agency, and subsequent to the taking of testimony before the arbitrator, an arbitration decision was issued on October 25, 1982, which granted plaintiff's grievance and restored her to her position with full seniority. The decision specified, however, that she would not receive back pay for the period between the dates of her discharge and reinstatement.

At the same time that the grievance was being prosecuted, plaintiff also challenged her termination by initiating a discrimination complaint on the bases of race, color, sex, and physical handicap. After the requisite processing within the agency, a recommended decision, finding no discrimination, was issued by the Equal Employment Opportunity Commission (EEOC). The Postal Service adopted the recommendation as its final decision on October 24, 1984, and plaintiff filed an appeal with EEOC's Office of Review and Appeals. On October 30, 1985, EEOC dismissed the appeal as untimely pursuant to 29 C.F.R. § 1613.-233(c) (1985). Action was commenced in this court on March 5, 1986.

## II. PLEADINGS

Plaintiff invokes this court's jurisdiction under 28 U.S.C. § 1491 (1982), and seeks back pay for the period of her termination, as well as the benefits to which such an award would entitle her, and attorney fees and costs in bringing this action.[1]

For its answer, defendant filed its motion to dismiss, in which it asserts that this court lacks jurisdiction over plaintiff's complaint and that her claims are barred by applicable statutes of limitations. More specifically, defendant asserts that only the district courts, in accordance with the Federal Arbitration Act, 9 U.S.C. § 10 (1982), may vacate an arbitration award; that only the district courts may entertain an action for breach of a Postal Service collective bargaining agreement under 39 U.S.C. § 1208(b) (1982); and that pursuant to both the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–16 (1982), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–794a (1982), the district courts have exclusive jurisdiction over appeals from complaints of discrimination coming within the purview of those acts. Defendant also contends that the limitations periods set in each of the cited statutes has passed, thereby barring any relief which may be available, even if the Claims Court were the appropriate forum.

In her opposition to the motion to dismiss, plaintiff asserts that the complaint was timely filed because, despite the date of the EEOC's final decision, her first notice of it did not come until February 6, 1986, the date her counsel received a copy. This was only twenty-eight days before the filing. Plaintiff admits, however, that "the Court does not have jurisdiction over Title VII and Rehabilitation Act Claims." Because she contends that her termination

---

1. Although not specifically stated in such terms in the pleadings, it appears that plaintiff's requested remedy would require the review and modification or reversal of each of the decisions issued by the arbitrator, the Postal Service, and the EEOC.

resulted from discrimination, plaintiff requests that her case be transferred to the United States District Court for the District of Columbia so that she can pursue her claim.

In its reply, defendant reiterates its jurisdictional argument and contends that transfer would be inappropriate since the district court would also lack jurisdiction over the case. Defendant bases the latter contention on its view that the complaint, even when filed in this court, was beyond the statutory 30-day time limit, and supports its position with an affidavit from Richard Reda, Director of Compliance and Control, Office of Review and Appeals, EEOC. In his affidavit, Reda certifies that a copy of the EEOC's final decision was sent to and received by plaintiff, as evidenced by an attached copy of the return receipt allegedly signed by plaintiff herself on November 6, 1985.

By order dated August 27, 1986, plaintiff was given an opportunity to file a supplemental opposition to the motion to dismiss, in order to contest defendant's documentary submission. Plaintiff was notified that failure to contest the defendant's submission "will be treated as an admission of the truth of assertions in the Reda affidavits." No response was filed by plaintiff.

## III. DISCUSSION

Two issues are presented for resolution in this case. First, does the Claims Court have jurisdiction over the subject matter of the complaint? Second, if not, should the case be transferred to a district court?

### A. *Jurisdiction*

Defendant argues that this court lacks jurisdiction to hear plaintiff's complaint. For the reasons stated below, the court concurs. In this regard, defendant first asserts that the Claims Court has no authority to hear an appeal from an arbitrator's decision.

Unlike most government agencies, the Postal Service is not an "executive agency" as that term is defined in 5 U.S.C. § 105 (1982), and termination actions effected against its employees are not appealable in the same manner and to the same extent as they are by employees of executive agencies. *See* 5 U.S.C. §§ 7513, 7701, 7702, 7703 (1982). Rather, employee-management relations in the Postal Service are governed by negotiated collective bargaining agreements which may "provide procedures for resolution by the parties of grievances and adverse actions arising under the agreement." 39 U.S.C. § 1206(b) (1982). Such agreements are subject to 29 U.S.C. §§ 151–168 (1982), the provisions of which are applicable to private sector labor-management relations. 39 U.S.C. § 1209 (1982). Because the Postal Service is an "excepted" agency, *i.e.*, excepted from the rules governing competitive service federal agencies,[2] nonpreference eligible employees[3] of the Postal Service may not appeal actions such as the termination involved here pursuant to 5 U.S.C. § 7701, but may only file a grievance over the matter. The record evidence indicates that appellant is not a preference eligible.

Plaintiff, as an employee in the clerk craft, was covered by the Agreement Between United States Postal Service and American Postal Workers Union, AFL–CIO, and National Association of Letter Carriers, AFL–CIO, effective between July 21, 1981 and July 20, 1984 (the agreement). *See* Article 1, Section 1, and Article 37. Article 15 of the agreement sets out the rules applicable to the grievance-arbitration procedure. At Section 4A(6) it states that "[a]ll decisions of an arbitrator will be final and binding."

In interpreting nearly identical language in an earlier version of the agreement, the United States Court of Appeals for the Fifth Circuit held that review of a Postal Service employee's dismissal is governed by the collective bargaining agreement, and that:

2. *See* 5 U.S.C. § 2103 (1982); 39 U.S.C. § 1005 (1982).

3. 5 U.S.C. § 2108(3) (1982).

[h]aving availed herself of the grievance-review procedures of the collective-bargaining contract, the plaintiff-employee is likewise subject to the contract's provision that the arbitrator's decision is final and binding. On its face, the ... provisions of [39 U.S.C.] section 1005(a) do not authorize administrative or judicial review of the correctness of the arbitrator's findings and rationale.

Smith v. Daws, 614 F.2d 1069, 1073 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 567, 66 L.Ed.2d 469 (1980).

 Similarly, the Eighth Circuit has held that because of the cited language, "the arbitrator's award was final and binding under the terms of the collective bargaining agreement." Abernathy v. United States Postal Service, 740 F.2d 612, 617 (8th Cir.1984). The court noted that review of an arbitrator's award in a Postal Service case is limited by 39 U.S.C. § 1208, which authorizes only certain limited classes of suits (actions brought by the National Labor Relations Board and suits for violation of contracts between the Postal Service and a postal union or between postal unions). Even then, that section specifies that jurisdiction lies in the district courts. The court found that "absent a claim of inadequate union representation,"[4] the finality provisions of the agreement "preclude review of the correctness of an arbitrator's decision." Id. See also Hamilton v. United States Postal Service, 746 F.2d 1325 (8th Cir.1984).

The court concludes, therefore, that it lacks jurisdiction to hear plaintiff's case to the extent that it is premised on an assertion that the arbitrator erred in his decision.

 With respect to defendant's assertion that this court also lacks jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 10, the court notes that plaintiff did not refer to this section of the law in support of her claim. In any event, jurisdiction

under that act rests in the district courts and requires a showing of fraud, partiality, misconduct, or overreaching by the arbitrator, none of which has been asserted in the case at bar. Further, in Abernathy, 740 F.2d at 613–17, the court held that the action of a Postal Service employee challenging an arbitrator's award is to be governed by the requirements (specifically, in that case, the statute of limitations) applicable to 39 U.S.C. § 1208 rather than the Federal Arbitration Act, and thus, as discussed above, could only be brought in the district courts.

Accordingly, to the extent that the instant action may be grounded on 9 U.S.C. § 10, the court finds that it does not provide a jurisdictional basis for Claims Court review.

 Finally, plaintiff premises her suit on an assertion of discrimination based on race, color, sex, and handicapping condition. It is clear that actions based on alleged discriminatory animus are properly brought in the district courts and not the Claims Court. 42 U.S.C. §§ 2000e–16(c), 2000e–5(f)(3); 29 U.S.C. § 794a(a)(1); see Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Civil Rights Act, as amended, provides exclusive remedy for claims of discrimination in federal employment); Hadley v. Department of the Navy, 229 Ct.Cl. 591 (1981) (rights, procedures, and remedies applicable to cases brought under Civil Rights Act also applicable to suits based on Rehabilitation Act of 1973); Williams v. United States, 212 Ct.Cl. 544 (1976) (exclusive jurisdiction over claims of discrimination advanced by civilian federal employees under the Civil Rights Act of 1964, as amended, lies in district courts).

For these reasons, the court concludes that jurisdiction over the instant case lies, if at all, in the district court and not in the

---

4. Although a claim of inadequate union representation might be sufficient under 39 U.S.C. § 1208 to give jurisdiction to the district court, it would be fatal to a suit in the Claims Court since it would seek damages against a private party, the union, rather than the United States. McPherson v. United States, 2 Cl.Ct. 670, 673 (1983).

Claims Court. Accordingly, the court turns to plaintiff's request for transfer.

### B. *Transfer*

In plaintiff's opposition she requests that her discrimination claim be transferred to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1631. That section provides that when three circumstances exist a court "shall transfer" a case: (1) the transferring court must lack jurisdiction; (2) the case must be one which, at the time it was filed, could have been brought in the transferee court; and (3) transfer must be in the interest of justice. The first condition is clearly met. As set out above, this court lacks jurisdiction.

The next inquiry is whether this action, at the time it was brought in the Claims Court, "could have been brought" in the district court. As discussed above, the district court has subject matter jurisdiction over appeals from final decisions of the EEOC. The peculiarity about this claim, however, is that defendant has raised a question as to the timeliness of the filing in the Claims Court. Normally failure to comply with limitations periods is only an affirmative defense, and not a jurisdictional defect. However, in actions brought under the civil rights statutes, timely filing is a jurisdictional requirement. *See Brown*, 425 U.S. at 832, 835, 96 S.Ct. at 1967, 1969.

The defendant argues that the statute of limitations began to run on November 6, 1985, when plaintiff received the EEOC decision. This action was commenced on March 5, 1986, which is within 30 days of February 6, 1986, the date plaintiff alleges she (through counsel) received notice of the EEOC decision. Consequently, if the action would have been untimely if filed in the district court on March 5, 1986, then the case should not be transferred.

The Court of Claims and this court have previously dealt with similar circumstances and declined to order a transfer when it was clear that the transferee court did not have jurisdiction. *See Dancy v. United States*, 229 Ct.Cl. 300, 306, 668 F.2d 1224, 1227 (1982); *Goewey v. United States*, 222 Ct.Cl. 104, 108, 612 F.2d 539, 541 (1979); and *Little River Lumber Co. v. United States*, 7 Cl.Ct. 492, 494 (1985).

In *Little River*, this court held that, "If the District Court most probably would lack, or find a lack of jurisdiction over the case then the case should not be transferred or retransferred since it would not serve the interests of justice to do so." 7 Cl.Ct. at 494. In *Goewey*, the Court of Claims declined to transfer a case where it was clear that the statute of limitations had run. Similarly, in *Dancy*, the court denied a transfer when the time for filing an appeal from an administrative decision had run. As here, timely filing was a jurisdictional prerequisite.

In this action, it appears from the certified receipt attached to defendant's reply to plaintiff's opposition, which plaintiff has not contested, that plaintiff herself received the EEOC's final decision on November 6, 1985. This action was filed on March 5, 1986. Case law is clear that service on the employee of notice of a final administrative determination on a claim of discrimination triggers the running of the 30 day period of limitations. *Gragg v. United States*, 717 F.2d 1343 (Fed.Cir.1983) (Civil Service Reform Act); *Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977) (Civil Rights Act). Even if the filing here were to be considered as the filing in district court, it would be beyond the jurisdictional 30 day period. The court concludes that since the district court would lack jurisdiction, this action is not one which, at the time it was filed, could have been brought in the transferee court. Transfer, therefore, would be a futile act, and is not required by 28 U.S.C. § 1631.

### IV. CONCLUSION

Defendant's Motion to Dismiss is granted. The Clerk will dismiss the complaint. No costs.

IT IS SO ORDERED.