**Francis N. BIENVILLE, d/b/a E & A Construction Co., Inc., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 229–87C.**

United States Claims Court.

March 10, 1988.

tiffs' Motion To Transfer And Response To Defendant's Motion For More Definite Statement, filed on November 19, 1987; and finally, Defendant's Motion To Dismiss And Opposition To Plaintiffs' Motion To Transfer, filed December 7, 1987. Oral argument was heard on the foregoing motions, in open court, on February 22, 1988. The court, being fully advised in the premises and after considering the pleadings and applicable case law, grants plaintiffs' motion to retransfer the case to the United States District Court for the Eastern District of California, and, concomitantly, denies defendant's motion to dismiss. And, for the reasons delineated hereinafter, the court further finds defendant's motion for a more definite statement to be moot.

*Procedural Posture*

On October 21, 1986, Francis N. Bienville, d/b/a E & A Construction Co., Inc., filed a *pro se* complaint in the United States District Court for the Eastern District of California in behalf of himself and said corporation. The complaint contained 21 numbered paragraphs, concluding with a summarizing page, the nub of which purported to aver breach of contract and various tortious acts. While the nebulous grounds averred to support the prayer for relief are not a model of clarity, the *pro se* plaintiffs unequivocally demanded $15 million in damages for the foregoing alleged transgressions.

In its answer filed on January 16, 1987 (para. 4, p. 2), in the Eastern District of California to said complaint, the defendant countered by affirmatively averring that "[t]he court lacks subject matter jurisdiction."[1] Following thereon a status conference was held on March 2, 1987, wherein Mr. Bienville appeared *pro se* and, in response to the District Court's inquiry, stated that he "was seeking $15,000,000 in damages and that his claim was indeed based on a breach of a contract he had with

---

Charles S. Fax, Washington, D.C., Atty. of Record, for plaintiffs.

John E. Kosloske, Washington, D.C., with whom was Acting Asst. Atty. Gen. James M. Spears, for defendant.

## OPINION

### REGINALD W. GIBSON, Judge:

This opinion addresses several motions filed by the parties, to wit, Defendant's Motion For More Definite Statement of Complaint, filed on October 21, 1987; Plain-

---

1. In a Status Report also filed in the Eastern District of California on February 5, 1987, *pro se* plaintiffs sought to embellish, if not clarify, the Complaint. A reading of said document indicates that it purports to be premised on breach of contract; violation of the Davis–Bacon Act; and deliberate, malicious, tortious acts to cause bankruptcy to plaintiff corporation. This document contained 36 numbered paragraphs (15 more than the initial complaint) concluding with a prayer for $11 million in actual and $4 million in punitive damages.

defendant McClellan Air Force Base." (District Court order dated March 19, 1987).[2] Apparently, solely on the basis of the foregoing bland representation of the lay *pro se* plaintiff, the court, without addressing the validity of any tort jurisdiction stemming from the complaint, entered an order on March 19, 1987, holding that:

> It therefore appears that this Court is without subject matter jurisdiction over plaintiff's claim, and that jurisdiction, if any, rests in the United States Claims Court.

Said order was filed on March 20, 1987, and pursuant thereto case no. CIVS–86–1250–LKK was transferred to the U.S. Claims Court and was filed and docketed on April 24, 1987, as case no. 229–87C. An eight-page document, with attachment, styled a complaint, was thereafter filed *pro se* in this court on June 5, 1987. However, instead of filing an answer to the complaint, defendant's initial move was Defendant's Motion For More Definite Statement Of Complaint which was filed on October 21, 1987. This motion triggered Plaintiffs' Motion To Transfer the case back to the Eastern District of California which was filed on November 19, 1987,[3] and the final straw was Defendant's Motion To Dismiss And Opposition To Plaintiffs' Motion To Transfer, filed on December 7, 1987. Oral argument was held, as previously noted, on the foregoing motions on February 22, 1988, in open court. A brief summary of the operative facts follows, after which we will address the merits of the respective motions.

*Factual Background*

On May 22, 1986, the contracting officer (CO) in subject case issued a final decision in contract no. F04699–84–C–0580, which is the perceived basis of the complaint transferred to this court from the Eastern District of California, *supra.* However, instead of appealing said decision directly to the U.S. Claims Court, Mr. Bienville appealed the CO's decision *directly* to the Armed Services Board of Contract Appeals (ASBCA) where the appeal is presently docketed as ASBCA No. 32819. At the ASBCA, hearings were held before Administrative Law Judge Robert Giertz on July 20 and 21, 1987. Moreover, as of November 19, 1987, plaintiffs have represented that the appeal is still pending and a decision has not been issued by the ASBCA.

Against this background, in plaintiff's motion to retransfer of November 19, 1987, at p. 3, counsel unequivocally conceded that:

> ... no claim lay in this Court under the Contract Disputes Act of 1978 because Mr. Bienville had elected his administrative remedy by appealing the Contracting Officer's Final Decision to the ASBCA.

Additionally, at page 5 of its opposition to defendant's motion to dismiss, plaintiffs further contend that—"there appears to be *no* claim available to plaintiffs within this Court's jurisdiction." (emphasis added).

Focused on the foregoing facts, the court will now address the motions pending, *i.e.,* the motion for a more definite statement; the motion to transfer; and the motion to dismiss.

*Motion For More Definite Statement*

Because plaintiffs' complaint contains numerous "pages of vague and rambling enumerated averments"; "one page of vague and rambling unenumerated averments"; and "nine pages of dated and undated statements none of which are referenced in the averments of the complaint," defendant seeks by its motion a more definite statement regarding the allegations in the complaint. Defendant's Motion For More Definite Statement, p. 2. Moreover, argues defendant, the complaint neither identifies the contract nor the contracting officer's final decision to which it relates or

---

2. However, in an earlier Status Report filed on February 9, 1987 in the District Court, defendant continued to deny liability, based on said affirmative defense in its answer, but also stated that "[t]o the extent it is a tort claim, *there may or may not be jurisdiction....*" (para. (e), p. 2; emphasis added).

3. Plaintiffs' *pro se* status changed and counsel appeared for plaintiffs on October 5, 1987, as a result of Defendant's Motion To Dismiss filed on August 4, 1987. Defendant based its motion on RUSCC 81(d)(7) which provides that a corporation may only be represented by counsel.

specifies the contract provisions upon which plaintiffs rely. In short, defendant says, the complaint is fatally flawed in that it is vague and confusingly ambiguous, precluding it from framing a reasonably responsive pleading.

■ While defendant's grounds for said motion, at first blush, appear to be well pled, we believe that the issue raised is moot, thus requiring no action on our part. Since plaintiffs have appealed the CO's decision directly to the ASBCA, and as counsel has conceded, no jurisdiction lies in the Claims Court as a consequence of plaintiffs' choice of forum. Moreover, to the extent that the complaint avers entitlement to relief grounded on any actionable torts, committed by defendant, it is clear beyond cavil that this court is without power to decide such action, and we so hold. *See* 28 U.S.C. § 1491(a)(1). Plaintiffs' counsel clearly conceded this fact in the motion to transfer and added that any such tort action should be brought in the U.S. District Court for the Eastern District of California. Additionally, plaintiffs' counsel pointed out that normally when faced with a motion for a more definite statement, he would simply moot the motion by filing an amended complaint. However, he candidly admits that even after stating plaintiffs' case with *greater* specificity, his "law firm [is] unable to draft an amended complaint that could survive a motion to dismiss for lack of jurisdiction and/or failure to state a claim." Plaintiff's Motion To Transfer, p. 5.

Because we find that subject matter jurisdiction is clearly and admittedly wanting in this court under both contract and/or tort theory, as proffered by plaintiffs, it would appear that no useful purpose would be served to rule on defendant's motion for a more definite statement as it is now moot. In fact, defendant's counsel, at oral argument, agreed that it would be moot if this court found that subject matter juris-

diction is wanting. This we so find, as corroborated by plaintiffs' counsel's concession. Consequently, we deny defendant's motion for a more definite statement.

*Plaintiffs' Motion To Transfer*

It is strenuously urged on this court, both in their motion papers and at oral argument by plaintiffs, that subject case should be *retransferred* to the U.S. District Court for the Eastern District of California. The justification for such, argues counsel, is that plaintiffs earnestly believe that they have averred a viable claim in the complaint sounding in tort which could have been filed, *ab initio*, in the Eastern District of California. Further, plaintiffs' counsel argues that subject complaint should *not* be dismissed, in the interest of justice, but should be retransferred because—(i) at this posture, given the complexities of the circumstances and the dearth of available data, he cannot immediately determine with reasonable certainty whether the statute of limitations[4] has run; (ii) if it has run since the initial filing in the District Court, and this court dismisses this action, then plaintiffs would be forever barred from their day in court with respect to such tort claims; (iii) and, most importantly, the retransfer would in no sense substantially prejudice defendant. In short, the substance of plaintiffs' position is that if their motion to retransfer is granted and ultimately all tort actions are dismissed, the impact on defendant would only amount to a minor irritant consisting only of a few hours. On the other hand, if this court dismisses an awkward though well-pled tort action, that is otherwise sustainable in the transferee district court, as to which the statute of limitations has run, then in such case, the adverse impact on plaintiffs will, of course, be substantial in view of the *ad damnums* pled.

Conversely, the defendant contends that this court should deny the *motion to re-transfer*, pursuant to 28 U.S.C. § 1631,[5]

---

4. 28 U.S.C. § 2401(b) bars tort claims against the United States unless "it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented."

5. 28 U.S.C. § 1631 provides as follows:
  Transfer to cure want of jurisdiction

because the plaintiffs simply cannot establish *each* of the following three requisite elements:

    (i) the transferor court lacks subject matter jurisdiction;

    (ii) at the time the case was filed, it could have been brought in the transferee court; and

    (iii) such transfer is in the interest of justice.

The motion to dismiss of defendant, of course, acknowledges the fact that the first element is well met inasmuch as this court clearly does not have subject matter jurisdiction to decide any issues under the CDA (*see Santa Fe Engineers, Inc. v. United States*, 230 Ct.Cl. 512, 515–16, 677 F.2d 876, 878–79 (1982); *Mark Smith Construction Co., Inc. v. United States*, 10 Cl.Ct. 540, 542, 544 (1986)). Additionally, it also agrees that plaintiffs' tort claims are beyond the jurisdiction of the Claims Court. (*See also Transcountry Packing Co., Inc. v. United States*, 215 Ct.Cl. 390, 395, 568 F.2d 1333, 1336 (1978); *Shanbaum v. United States*, 1 Cl.Ct. 177, 179 n. 3 (1982), *aff'd*, 723 F.2d 69 (Fed.Cir.1983)).

As to the second prong of this tripartite transfer statute, however, no CDA case can be made, argues defendant, that the district court had jurisdiction of plaintiffs' contract claims "at the time [the case] was filed" for the simple reason that an irrevocable election had previously been made to appeal to the ASBCA, thus any direct access appeal thereto was affirmatively waived. *See* 41 U.S.C. § 609(a); *Santa Fe Engineers v. United States, supra;* and *Mark Smith Construction v. United States, supra.* Nor, says defendant, can plaintiffs find any plausible grounds for contending that the purported tort claims alleged within the four corners of their complaint will overcome the bar of § 2680(h) [6] of the Federal Tort Claims Act (FTCA), which expressly retains the sovereign immunity of the United States with regards to—"[a]ny claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract rights." In substance, defendant contends that any and all purported tort claims averred in the complaint necessarily "arise out of" those specified tortious acts with respect to which sovereign immunity has *not* been waived, *i.e.*, § 2680(h).

Finally, defendant points out that plaintiffs' counsel "concedes that plaintiff lacks standing to bring suit under the Davis–Bacon Act. Plaintiff's Transfer Motion, p. 4" and that implicitly plaintiffs agree that said defect would also deprive the district court of subject matter jurisdiction regarding that claim.

Finally, says defendant, since plaintiffs can establish neither Contract Disputes Act nor FTCA jurisdiction in the Eastern District of California, within the four corners of the filed complaint, they cannot satisfy the second element of 28 U.S.C. § 1631. *A fortiori*, concludes defendant, absent a viable claim averred in the complaint, it would not serve the interest of justice to retransfer this case to the District Court for the

---

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court *and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer* such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
(emphasis added).

**6.** 28 U.S.C. 2680(h) states as follows:

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

Eastern District of California, citing to *Little River Lumber Company v. United States,* 7 Cl.Ct. 492, 494 (1985), and *Transcountry Packing,* 215 Ct.Cl. at 400, 568 F.2d at 1339.

*Discussion*

■ With respect to the three elements that must be established to justify a § 1631 transfer, defendant has admitted the first. If plaintiffs can establish the second element (*i.e.,* a claim averred could have been brought in the transferee court), then, on such facts, the third element (*i.e.,* the interest of justice) will necessarily be met. Thus, in determining whether this case should be retransferred to the Eastern District of California, it logically follows on these facts that this court need only ascertain whether, pursuant to any reasonable hypothesis, the existing complaint (modified/clarified following the retransfer pursuant to a motion for a more definite statement) could reasonably be construed as stating a cause of action against the United States under the FTCA.

On the other hand, in *Busby School of Northern Cheyenne Tribe v. United States,* 8 Cl.Ct. 588, 595 (1985), Judge Lydon, in addressing a § 1631 transfer problem, stated that:

> Whether a case should be transferred to a district court lies within the sound discretion of the court [citations omitted]. The basic test ... for determining if a case should be transferred is whether it would be in "the interest of justice" to do so.

Implicit in Judge Lydon's observation is the premise that each case should turn on its peculiar facts and circumstances in quantifying the interest of justice test. Whatever one may perceive the primary test to be, we believe that the complaint in this case averred a *colorable cause of action* under the FTCA and that the interest of justice would be violated if this case were not retransferred.

Addressing first the question whether the filed complaint states a cause of action within the jurisdiction of the District Court, in this connection, plaintiffs' counsel contends that the *present* complaint avers ac-

tionable tortious conduct by the government as alleged in paragraphs 32–34 of the complaint. With regards to our focused review of the efficacy of the complaint, in stating a cause of action within the jurisdiction of the Eastern District of California, we do not believe under the circumstances here that in fulfilling the requirement to meet element 2, *supra,* the complaint must meticulously and with ultra precision aver all the elements of a cause of action within the District Court's jurisdiction. For purposes of exercising its discretion in determining whether this case should be retransferred, we believe it to be sufficient here if the allegations in the complaint reasonably aver a cause of action colorable under the FTCA. In that regard, the following four operative circumstances may bear on this court's determination of the motion to transfer. First, we note that the complaint, initially filed in the Eastern District of California and later in this court, was signed by Mr. Francis N. Bienville, appearing *pro se,* in behalf of himself and subject corporation. Second, plaintiff Bienville, a lay individual appearing *pro se,* should *not* be held to the highest standard of pleading with precision in such complex causes of action as he has attempted to bring here. Thirdly, in a status report filed in the U.S. District Court, prior to the transfer here, the Assistant United States Attorney advised the District Court that "there may or may not be [tort claim] jurisdiction [thereat]." Fourth, and finally, neither in its transmittal order nor in the record transferred to this court is there any indication that the District Court addressed the question—whether based on the complaint filed thereat, the plethora of vague and protractive allegations therein stated a viable claim within the broad jurisdiction of that court.

■ With respect to the first two circumstances, we thoroughly agree with the U.S. Supreme Court that a *pro se* complainant should be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner, et al.,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Without undertaking a microscopic and in-

clusive analysis of plaintiffs' complaint, as initially filed in the District Court as well as in the Claims Court, with respect to the efficacy of their pleadings to support a tort claim in the former court, this court observes that the captions in each aver "deliberate malicious acts to cause bankruptcy"; additionally, plaintiffs aver in—paragraph 5 that a government agent "misrepresented" certain facts; paragraph 25 that the defendant deliberately and maliciously retained contractor's earned pay as approved by the inspector beyond the requirement of law; paragraph 26 that defendant deliberately, maliciously, and illegally held back pay due; and paragraph 32 that defendant willfully, deliberately and maliciously contacted its bonding company.

In Defendant's Motion To Dismiss and Opposition To Plaintiff's Motion To Transfer, it studiously addresses the myriad of confusingly vague and verbose contentions of plaintiffs seeking to rebut the contention that FTCA jurisdiction lies in the Eastern District of California. Conversely, plaintiffs, in an equally forceful memorandum, oppose defendant's motion to dismiss and aver that the complaint alleges sustainable FTCA jurisdiction. This court could very well take the time and effort to specifically address, albeit laboriously, each of the 36 paragraphs in plaintiffs' complaint as to the sufficiency of a viable cause of action in the Eastern District of California. Should this court undertake this task, it is clear that such a jurisdictional determination would not bind the Eastern District of California. Thus, prudence compels this court to abstain from such task. Nevertheless, because of the broad and nebulous allegations, we believe that the complaint, taken as a whole, compels this court, in the interest of justice, to tread with caution and retransfer this case. As the U.S. Supreme Court stated in *Haines v. Kerner*, *supra*, at 520–21, 92 S.Ct. at 596:

> We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Consistent with the foregoing, we also firmly believe that it should be the District Court which sharply addresses the sufficiency of a complaint within its tort claim jurisdiction. This is so because any such determination by this court, as against the transferee court, is not binding.

It should not be forgotten that this case was originally filed in the Eastern District of California, which court has FTCA jurisdiction. Moreover, at all times while thereat, the Claims Court clearly did *not* have jurisdiction regarding any contract or tort claim averred therein for the reasons previously stated. Now the defendant strenuously seeks dismissal because, after seeking and obtaining a transfer from the Eastern District of California to the Claims Court, it correctly contends that the Claims Court does not have jurisdiction. But, instead of agreeing to a retransfer, defendant now seeks dismissal notwithstanding the fact that it recognizes that, if granted, plaintiffs, upon refiling in the Eastern District of California, may be faced with a statute of limitations problem.

Against this background, we believe it would visit a manifest injustice on plaintiffs for this court to dismiss this action. Pertinent to the foregoing is the observation of Judge Friedman in *Clark v. United States*, 229 Ct.Cl. 570, 576–77 (1981):

> It is *unfair to the litigant* and leads to an unnecessary waste of money and judicial resources for the government to urge another court to dismiss a case on the ground that we have adequate jurisdiction to decide the issues and then, after the other court has transferred the case here, to seek dismissal on the ground of our lack of jurisdiction.
>
> In the present case the district court's conclusion that this court has jurisdiction to grant the plaintiff full relief followed the government's representation to that effect, and presumably to some extent was based upon it. We have now determined that we do not have that jurisdic-

tion. In the circumstances, we conclude that rather than dismiss the case, as the government urges, retransfer of the case to the district court (for whatever action it considers appropriate) pursuant to ... [§ 1631] would be in the interest of justice.

(emphasis added).

*Conclusion*

While inartful· in draftsmanship due to the failure to employ with precision the magic words of art, we cannot say with clear conviction that an amended complaint filed in the Eastern District of California, within the scope of the existing complaint, will not cut-mustard. In our judgment, therefore, the interest of justice, on these facts, requires nothing less than to grant plaintiffs' motion to transfer.

WHEREFORE, Defendant's Motion To Dismiss is hereby denied, and Plaintiffs' Motion To Transfer is hereby granted. The Clerk shall, therefore, enter judgment retransferring subject case to the United States District Court for the Eastern District of California. No costs.

IT IS SO ORDERED.