976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francis N. BIENVILLE, Plaintiff-Appellant,
v.
THE UNITED STATES, Defendant-Appellee.
 No. 92-5021.
 United States Court of Appeals, Federal Circuit.
 Aug. 6, 1992.
Rehearing Denied Sept. 16, 1992.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Francis N. Bienville* appeals the September 4, 1991, order of the United States Claims Court, Docket No. 91-1405C, dismissing his complaint for lack of jurisdiction. Because the Armed Services Board of Contract Appeals has already adjudicated Mr. Bienville's contract claim, this court affirms.
 
 OPINION
 
 2
 On September 27, 1984, Mr. Bienville entered into a contract with the United States for repair and restoration of a building on the McClellan Air Force Base in California. On March 7, 1986, Mr. Bienville submitted a certified claim to the contracting officer for equitable adjustments totalling $296,400. On May 22, 1986, the Contracting Officer awarded Mr. Bienville $4,902.94. Mr. Bienville appealed the decision to the Armed Services Board of Contract Appeals. On August 22, 1988, the Board upheld the contracting officer's award.
 
 
 3
 Meanwhile, Mr. Bienville pursued remedies based on the same facts elsewhere. On October 21, 1986, Mr. Bienville filed a complaint for breach of contract and tortious misconduct in the United States District Court for the Eastern District of California based upon the 1984 contract. The district court transferred the case to the United States Claims Court. On March 10, 1988, the Claims Court transferred the case back to the district court. See Bienville v. United States, 14 Cl.Ct. 440 (1988). Upon transfer, the district court dismissed Mr. Bienville's complaint.
 
 
 4
 On January 31, 1989, Mr. Bienville filed another complaint in the Claims Court based upon the 1984 contract. The Claims Court dismissed this action for lack of jurisdiction. This court affirmed because Mr. Bienville lost his right to sue in the Claims Court when he elected to appeal the contracting officer's decision to the Board. Bienville v. United States, 897 F.2d 539 (Cl.Ct.1990), cert. denied, 111 S.Ct. 759 (1991).
 
 
 5
 On September 3, 1991, Mr. Bienville filed another complaint in the Claims Court based on the 1984 contract. This time, in addition to the contract and tort claims, Mr. Bienville charged that the contracting officer committed fraud by not offering Mr. Bienville a chance to elect a forum for appeal. The Claims Court discerned no fraud. The trial court also dismissed Mr. Bienville's contract and tort claims for lack of jurisdiction. Mr. Bienville appealed.
 
 
 6
 The Claims Court correctly determined that Mr. Bienville did not allege sufficient facts to support a colorable fraud claim. The contracting officer's May 22, 1986 decision clearly informed Mr. Bienville:
 
 
 7
 In lieu of appealing to the Armed Services Board of Contract Appeals, you may bring an action directly in the United States Claims Court within 12 months of the date you receive this decision.
 
 
 8
 Thus the contracting officer gave Mr. Bienville notice of his appeal rights.
 
 
 9
 The Claims Court lacks jurisdiction under the Contract Disputes Act of 1978 to consider a claim that has already been determined by the Board. National Neighbors, Inc. v. United States, 839 F.2d 1539, 1542-43 (Fed.Cir.1988). Mr. Bienville did not allege any basis for jurisdiction in the Claims Court nor has he presented any here.
 
 
 
 *
 It is unclear whether Mr. Bienville is proceeding on behalf of himself or on behalf of E & A Construction Co., a corporation. If proceeding on behalf of the corporation, he must be represented by counsel. Fed.Cir.R. 47.3(a); see also 28 U.S.C. § 1654 (1988). However, in view of its disposition, this court need not reach the representation issue