David E. SANDERS, Plaintiff,

v.

UNITED STATES, Defendant.

No. 94–521 C.

United States Court of Federal Claims.

Aug. 25, 1995.

Order Denying Reconsideration
March 14, 1996.

the court to provide an affidavit to clarify the sequence of events in his office.

David E. Sanders, pro se, Ellisville, MS.

Mary L. Smith, Washington, DC, with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, and Frank W. Hunger, Assistant Attorney General, Civil Division, U.S. Department of Justice for defendant; Martin Sendeck, Department of

Veterans Affairs, Office of General Counsel, of counsel.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's motion to dismiss. Plaintiff alleges that he was improperly denied veterans benefits for his medical condition and education. For the reasons stated below this court finds that it does not have jurisdiction and that it must dismiss this case.

## FACTS

Plaintiff, David E. Sanders, had a troubled childhood for which he places much blame on the U.S. Army. Mr. Sanders' father was a Master Sergeant in the Army who died in Vietnam. Mr. Sanders blames the Army for various injuries from accidents he had as a child, and because his stepfather, who was also in the Army, was abusive. Mr. Sanders alleges that several teachers and administrators from the high school he attended, South Jones High in Ellisville, Mississippi, were abusive towards him because of his war orphan status and have falsified his school transcript.

Plaintiff served in the U.S. Army from December 3, 1973 until he was honorably discharged on December 2, 1979. During his period of service plaintiff received various commendations, including a national defense ribbon. In 1974, Mr. Sanders suffered a hip injury, which occurred while on maneuvers with the Army at Fort Benning, Georgia. In 1977, while attending the Noncommissioned Officers Training Academy in Neurberg, Germany, he suffered a nervous breakdown necessitating an extended stay in a psychiatric ward.

Mr. Sanders' initial claim for disability benefits was for a nervous disorder and arthritis and was filed on July 22, 1982. The Department of Veterans Affairs (VA) could not establish a service connection to these conditions and Mr. Sanders' claim was denied on September 20, 1982. The rating decision stated that Mr. Sanders had been "admitted to VA Hospital for treatment of a nervous disorder diagnosed as adjustment disorder with mixed emotional features and schizotypical personality. There is a history of drug abuse." Mr. Sanders challenges the conclusions of this diagnosis, but admits to chronic marijuana use. There is nothing in the record that indicates that Mr. Sanders appealed this decision.

About nine years after this initial denial, Mr. Sanders filed a new claim of disability based on post-traumatic stress disorder on March 20, 1991. After Mr. Sanders repeatedly refused to submit to required VA medical examinations, this claim was administratively denied on September 9, 1991. On November 27, 1992, the Board of Veterans' Appeals denied Mr. Sanders' application to reopen his claim for benefits from a service connected psychiatric disability, including post-traumatic stress disorder. Mr. Sanders voluntarily withdrew this latest appeal (No. 93–0586) before the Court of Veterans Appeals on October 28, 1993. Mr. Sanders has continued to make subsequent claims for medical benefits from the VA, and most recently has alleged that the VA has falsified his medical records.

Mr. Sanders' claim for education benefits arises from his vocational training at Jones County Junior College which was paid for by the VA. Mr. Sanders entered Jones County Junior College on May 28, 1979 and began majoring in meat processing. Later he sought to change his course of study to auto mechanics, and then to other areas. Overall Mr. Sanders changed his program of studies at least two times, and then withdrew from his vocational training because of his dissatisfaction with his instruction. Mr. Sanders then applied for another course of study, which the VA considered a change in program.

On September 21, 1984, Mr. Sanders was advised that the VA would not approve another change in program because the reasons he provided were not beyond his control as defined in the regulations allowing changes in educational programs. On November 16, 1984, plaintiff was sent a statement of the case with instructions and notice explaining that he could appeal to the Board of Veterans' Appeals within one year. Mr. Sanders did not appeal and the decision became final.

Nevertheless plaintiff submitted new applications for educational benefits. For ex-

ample, in September, 1986, Mr. Sanders requested a refresher course in meat processing and auto mechanics. In addition, on July 31, 1987, Mr. Sanders submitted further evidence to show that he needed to change his study program to computers. On April 5, 1988, the Board of Veterans' Appeals refused to approve a further program of training and dismissed plaintiff's appeals for further educational benefits. After further applications to the VA, on November 9, 1990, the Board of Veterans' Appeals denied plaintiff's request to extend the time for him to apply for further educational benefits.

Mr. Sanders was employed by the Department of Agriculture from June 27, 1985 until 1986. In his August 8, 1994 affidavit, Mr. Sanders alleges that he was improperly denied leave from his job because of interference by the VA, which contributed to his post-traumatic stress disorder.

Plaintiff filed his *pro se* complaint on August 10, 1994. Accompanying plaintiff's complaint were nine motions, including a motion "to reconsider all court action should the United States Claims Court adjudicate in the negative." The government has moved to dismiss this complaint pursuant to United States Court of Federal Claims Rules 12(b)(1) and 12(b)(4), arguing that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief may be granted.

On November 18, 1994, plaintiff filed a response to the government's motion to dismiss, and a resubmitted complaint, alleging that his civil rights were violated. On the same day, the government filed its reply, and the court suspended consideration of all other pending motions until after consideration of defendant's motion to dismiss. Plaintiff filed another response to the government's motion to dismiss on January 13, 1995. The court will consider plaintiff's resubmitted complaint as a motion to amend the original complaint, so that the court may evaluate all of plaintiff's claims.

Oral argument was held June 27, 1995. On July 5, 1995 the court received plaintiff's written submission of his oral arguments. In this submission, plaintiff argues for the first time that the clerk of the Court of Veterans Appeals "willfully, consciously, and deliberately provided an outdated, incorrect mailing address" for him to file his latest appeal, which constituted gross negligence.

## DISCUSSION

Plaintiff has four claims against the government, primarily based upon his being denied benefits. First, plaintiff alleges that he was improperly denied benefits from the VA. Second, he seeks compensatory and punitive damages in tort. Third, plaintiff claims that he is owed back pay from the Army. Lastly, plaintiff alleges the VA violated his civil rights. Before this court can address the merits of these claims and proceed with the other pending motions in this case, the court must decide whether plaintiff has established jurisdiction.

 The appropriate standard of review for a motion to dismiss is to consider all of plaintiff's credible allegations of facts to be true. This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States,* 23 Cl.Ct. 517, 521 (1991) (*citing Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). With this recognition in mind, the court has attempted to afford plaintiff the opportunity to fully present all of his claims, and, carefully examined the entire record and fully considered all the aspects of plaintiff's case. The fact that plaintiff is proceeding *pro se,* however, does not change the ultimate standard employed, such that plaintiff still bears the burden of establishing jurisdiction.

## I. JURISDICTION

 To establish jurisdiction in this court, a plaintiff must allege a claim for damages from the government under an express or implied contract, or a money-mandating statutory or constitutional provision. A plaintiff may not merely state that it believes jurisdiction exists to survive a motion to dismiss. Instead, a plaintiff must specifically identify the contract or money-mandating provision that vests this court with jurisdiction. *See Allred v. United States,* 33 Fed.Cl. 349, 353 (1995).

## A. VA Benefits

■ Plaintiff's primary claim is that he has been improperly denied VA benefits for his medical condition and continued education. Plaintiff alleges that the VA improperly denied him medical benefits from his injury to his right hip area and for his arthritis; misdiagnosed his condition by failing to find that he suffered from service connected post-traumatic stress disorder; and failed to provide him continued educational benefits. Plaintiff claims that he was improperly denied continued educational benefits after the Board of Veterans' Appeals decided on April 5, 1988 that plaintiff was not entitled to a third change in his educational program. Plaintiff contends that the VA failed to follow applicable statutes, regulations, and other legal and ethical requirements in considering his claims.

The Veterans' Judicial Review Act of 1988, 38 U.S.C. §§ 7251–7298 (VJRA), provides that the exclusive remedy for the denial of veteran's benefits is to appeal to the Court of Veterans Appeals. *Id.* § 7252(a). Consequently, this court does not have jurisdiction to review the denial of veterans benefits. *Gardner v. Brown,* 5 F.3d 1456, 1463 (Fed. Cir.1993), *affirmed,* —— U.S. ——, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). *See also* 38 U.S.C. § 511(a); *Larrabee v. Derwinski,* 968 F.2d 1497 (2nd Cir.1992); *Hicks v. Veterans Admin.,* 961 F.2d 1367 (8th Cir.1992).

Plaintiff's basic argument is that he was improperly denied veterans benefits. As provided in the VJRA, this claim is exclusively within the jurisdiction of the Court of Veterans Appeals. Applying *Gardner,* this court finds that it therefore does not have jurisdiction over plaintiff's claims for veterans benefits.

Plaintiff cites only one case in opposition to the government's motion to dismiss, *Sawyer v. United States,* 930 F.2d 1577 (Fed.Cir. 1991). *Sawyer* involved an active duty service member's challenge to a military board's determination regarding disability as part of a military pay and improper separation claim. The crucial distinction between the instant case and *Sawyer* is that *Sawyer* involved a challenge to disability rating made while Mr. Sawyer was still a service member. In contrast, under the VJRA, any claim for disability initiated after discharge must ultimately be heard by the Court of Veterans Appeals. Plaintiff has not introduced any evidence that shows that he initiated his claim for benefits while still in the Army, and has not shown any other appropriate reason why the Court of Veterans Appeals is not the proper jurisdiction for determining his claims for benefits. Thus this court must conclude that it does not have jurisdiction to consider plaintiff's claim that he was improperly denied veterans benefits.

Moreover, decisions of the Court of Veterans Appeals may only be appealed to the Court of Appeals for the Federal Circuit, not the Court of Federal Claims. 38 U.S.C. § 7292. Plaintiff continually accused the VA of wrongfully denying him benefits, but at oral argument and in his July 5, 1995, written submission, plaintiff stated that he is not now "seeking to overturn or to overrule the Department of Veterans Affairs decisions concerning VA benefits." Because plaintiff does not seek to appeal the VA's benefits decisions, this court did not explore the possibility of referring this case to the Court of Veterans Appeals to consider an appeal of the benefits decisions. There would also appear to be a time problem in such an appeal.

## B. Tort Claims

■ In his tort claims plaintiff argues that the alleged misconduct of the VA constitutes a tort for which he is entitled to compensatory and punitive damages under the Federal Tort Claims Act. 28 U.S.C. §§ 2671, 2674, 2675(a). The district courts have exclusive jurisdiction over the Federal Torts Claims Act. 28 U.S.C. § 1346(b). *See Martinez v. United States,* 26 Cl.Ct. 1471, 1476 (1992), *aff'd without opinion,* 11 F.3d 1069 (Fed.Cir. 1993). Since the district courts have exclusive jurisdiction, this court cannot hear plaintiff's tort claim against the government.

## C. Military Pay

■ Plaintiff alleges that he is due compensation for 2080 hours of back pay from his Army service. Plaintiff initially did not seek back pay as a separate claim, but instead cited his denial of back pay as a contributing factor worsening his alleged post-traumatic stress disorder in his requests for VA benefits.

■ This court has jurisdiction to hear military pay cases in which the claim arises from statutes or regulations as opposed to the subjective expectations of members of the armed forces. *See, e.g., United States v. Larionoff*, 431 U.S. 864, 869, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977) (re-enlistment bonus); *Wyatt v. United States*, 2 F.3d 398 (Fed.Cir. 1993) (specialty pay); *Taylor v. United States*, 33 Fed.Cl. 54 (1995) (regular pay).

Since plaintiff claims back pay from the 1970s, the statute of limitations is at issue. The statute of limitations for cases in this court is generally six years, 28 U.S.C. § 2501, and "is jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived." *Hart v. United States*, 910 F.2d 815, 818–19 (Fed.Cir.1990); *Kirby v. United States*, 201 Ct.Cl. 527, 539, 1973 WL 21341 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). The time for filing suit is tolled for service members while they remain on active duty. 28 U.S.C. § 2401; *Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir.1986). Thus a claim alleging back pay first acrues when the member is discharged or separated from active duty status. Pursuing the claim through the military corrections boards, the VA, or other appeals boards does not usually toll the statute of limitations, nor, in most cases, does an adverse decision by a board create a new period of limitations. 28 U.S.C. § 2401; *Hurick*, 782 F.2d at 987.

Plaintiff's claim for back pay arose while he was in the service in the 1970s. Plaintiff has not presented any evidence that he initiated his claim for back pay while still on active duty. Since plaintiff was discharged on December 2, 1979, the statute of limitations begins to run on this date and expired in 1985. The court does not find any evidence that would suggest that tolling the statute of limitations in this case would be appropriate. Since plaintiff's complaint was filed August 30, 1994, his claim for back pay may not be heard before this court because of the running of the statute of limitations. Because the statute of limitations is jurisdictional, this court must conclude that it may not hear plaintiff's claim for back pay.

### D. Civil Rights

■ Plaintiff's fourth claim alleges that the VA has violated his constitutional, civil, and basic human rights. Plaintiff has two primary and related assertions to his civil rights claim. First, plaintiff alleges that the VA has "repeatedly administered incorrect medication ... to gain some sort of control of plaintiff's mental faculties." (Resubmitted Complaint, paragraph six). Second, plaintiff claims that the VA's alleged misconduct violates his rights under the United States Constitution, statutory law, regulations, international law, and medical ethics. Plaintiff alleges under this claim that the VA has incorrectly labeled his medical records, misdiagnosed his condition, misused its authority in regard to background investigations and employment inquiries, and unfairly denied him veterans benefits.

This court does not have jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision. *See, e.g., Martinez*, 26 Cl. Ct. at 1476. Except for the provisions relating to veterans benefits, plaintiff has not shown any money-mandating provisions upon which to base his civil rights claim. As discussed above, this court does not have jurisdiction to hear veterans benefits claims. Thus, this court finds that it lacks jurisdiction to hear plaintiff's civil rights claim.

### II. TRANSFER

■ Plaintiff has asked for a change in venue, which the government suggests should be considered as a request to transfer plaintiff's civil rights and tort claims to a district court. The decision of whether to transfer a case to a district court is a discretionary matter depending on the case's peculiar facts and circumstances. *Patterson v. United States*, 230 Ct.Cl. 932, 934 (1982); *Bienville v. United States*, 14 Cl.Ct. 440, 443–44 (1988); *Busby Sch. of No. Cheyenne Tribe v. United States*, 8 Cl.Ct. 588, 595 (1985). 28 U.S.C. § 1631 provides that this court may transfer a case to another federal court of competent jurisdiction if the plaintiff can establish each of the following three elements:

(1) the transferor court lacks subject matter jurisdiction;

(2) at the time the case was filed, it could have been brought in the transferee court; and

(3) such transfer is in the interest of justice.

*See United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1374 (Fed.Cir.1983); *Bienville,* 14 Cl.Ct. at 443–44.

The claims at issue are plaintiff's civil rights and tort claims. The government has already demonstrated that this court does not have jurisdiction over these claims, so this first element has been established.

To establish the second element, a plaintiff must make a showing that there is probable jurisdiction in the district court. This showing does not have to be conclusive, nor is it binding upon the transferee court. This court has "declined to order a transfer when it was clear that the transferee court did not have jurisdiction." *Jackson v. United States,* 10 Cl.Ct. 691, 695 (1986). In *Jackson,* this court refused to transfer a claim when it was clear that the statute of limitations had run. *Id. See also Little River Lumber Co. v. United States,* 7 Cl.Ct. 492, 494 (1985) (holding that "[i]f the District Court most probably would lack, or find a lack of jurisdiction over the case then the case should not be transferred ...")

Moreover, as the Court of Claims has indicated, before ordering a transfer "we must at least ask whether a plaintiff has a reasonable chance of persuading the district court that it has jurisdiction." *C.J. Dugan & Otero Mills, Inc. v. United States,* 227 Ct.Cl. 613, 616 (1981).[1] This procedure was applied in *Williams v. United States,* 11 Cl.Ct. 189, 191–92 (1986), *aff'd without opinion,* 818 F.2d 877 (Fed.Cir.1987), in which this court declined to transfer a case because plaintiff's failure to exhaust his administrative remedies precluded the finding of jurisdiction in any federal court.

▮ Plaintiff's primary claims at issue are that the VA's denial of veterans benefits to him violated his civil rights and constitutes a tort. These claims are directly based upon the denial of veterans benefits over which the Court of Veterans Appeals has exclusive jurisdiction. Consequently, a district court would clearly not possess jurisdiction over these claims and the transfer of them would therefore be inappropriate.

▮ Plaintiff alleges that he may proceed on his tort claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2674, 2675(a). As a jurisdictional prerequisite to a suit under this act, potential plaintiffs must show that they have exhausted their administrative remedies. 28 U.S.C. § 2675. This court finds that plaintiff has failed to show that he has exhausted his administrative remedies because plaintiff conceded in the record and oral argument that he is still engaged in "ongoing adjudication" with the VA over his alleged mistreatment, falsification of records, and other claims which are potentially independent from his denial of benefits. Plaintiff has failed to produce evidence that he has allowed the VA to consider his new arguments, such as his argument based upon the alleged negligence by the clerk of the Court of Veterans Appeals. Plaintiff's failure to show that he has exhausted his administrative remedies would also preclude the finding of jurisdiction in a district court, making transfer of this claim inappropriate.

When evaluating the third element, this court has often indicated that the interests of justice depends upon the determination of whether the plaintiff can establish that the transferee court has jurisdiction. *See, e.g., Bienville,* 14 Cl.Ct. at 443–44; *Little River,* 7 Cl.Ct. at 494. This third element also recognizes that ultimately the decision of whether to transfer a case to a district court lies within its sound discretion. *Busby,* 8 Cl.Ct. at 595. In light of the court's review of the record, the history of this case, and oral argument, this court finds that the interests of justice do not require that this case be transferred. Because plaintiff has failed to establish the second two elements, this court declines to order a transfer to a district court.

---

1. *Cf. Boaz Hosp. v. United States,* 231 Ct.Cl. 965, 967 (1982) (noting that if government's counterclaims could be transferred, plaintiff would be given the benefit of the doubt that its original claim could be transferred).

## CONCLUSION

Plaintiff's resubmitted complaint shall be considered to be a motion to amend the original complaint, which is hereby GRANTED. As a result of the above discussion, it is the sad duty of this court to DISMISS this case for lack of jurisdiction and to deny transfer of this case to the district court. Plaintiff's motion to reconsider any judgment is dismissed as premature. Based upon the court's finding of a lack of jurisdiction, all other pending motions in this case are dismissed as moot.

**IT IS SO ORDERED.**

### *ORDER*

March 14, 1996

SMITH, Chief Judge.

The court has carefully considered plaintiff's motion for reconsideration. While the court has some sympathy with the troubles plaintiff has faced during his life and in his educational endeavors, it is without any jurisdiction to deal with his particular complaints. Courts can remedy specific legal wrongs within their statutory jurisdiction. But the very definition of "jurisdiction" means limited power, and the complaints plaintiff makes are beyond this court's or perhaps any court's, power no matter how hard the court looks at the question.

Pursuant to this court's August 25, 1995 opinion granting defendant's motion to dismiss, this court DENIES plaintiff's motion for reconsideration. The court finds that plaintiff presents no legal authority or arguments sufficient to warrant reconsideration of the court's opinion.