91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jimmy Lee WATSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5039.
 United States Court of Appeals, Federal Circuit.
 April 16, 1996.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Jimmy Lee Watson appeals the decision of the United States Court of Federal Claims, Watson v. United States, No. 95-741C (November 7, 1995), dismissing his complaint for lack of jurisdiction on the ground (1) that it was filed out of time, and (2) that Watson pled causes of action over which the court had no subject matter jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Watson served in the United States Army from 1969 to some time in the early 1970s. In October 1995, he brought suit in the Court of Federal Claims, alleging that he had suffered discrimination and humiliation during his recruitment and subsequent service in the Army. He sought to recover damages from the United States in the amount of $1,250,000.
 
 
 3
 Each of the two grounds upon which the Court of Federal Claims based its dismissal of Watson's suit compels an affirmance. First, under 28 U.S.C. § 2501 (1994), a suit must be brought in the Court of Federal Claims within six years of the date the cause of action accrued. Watson's complaint, filed over twenty years after the discriminatory acts occurred, plainly was out of time. Second, the Court of Federal Claims has no jurisdiction over claims for damages resulting from the denial of civil rights. Sanders v. United States, 34 Fed. Cl. 75, 80 (1995). Even had Watson's suit been timely filed, the court would have had no subject matter jurisdiction over the case.
 
 
 4
 Each party shall bear its own costs.