NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABDOUL K. OUATTARA HEMA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5053

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00055-FMA, Senior Judge Francis M. Allegra.

---

Decided: June 8, 2015

---

ABDOUL K. OUATTARA HEMA, Philadephia, PA, pro se.

ANNA BONDURANT ELEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before NEWMAN, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

## DECISION

Abdoul K. Ouattara Hema appeals the final decision of the United States Court of Federal Claims that dismissed his complaint for lack of jurisdiction. *Ouattara Hema v. United States*, No. 1:15-cv-00055-FMA (Fed. Cl. Jan. 28, 2015). We *affirm*.

## DISCUSSION

### I.

Mr. Ouattara Hema filed suit in the Court of Federal Claims on January 21, 2015. In his complaint, he alleged that he had been unjustly arrested and harassed as part of an "unlawful 'Self-deportation' program against illegal immigrants." Complaint at 1. Without seeking any specified amount of damages, Mr. Ouattara Hema requested that "a judgment be entered against the United States Government." *Id.* at 2. On January 28, 2015, the Court of Federal Claims issued an Opinion and Order dismissing Mr. Ouattara Hema's complaint for lack of jurisdiction. *Ouattara Hema*, slip op. at 2. In it, the court stated that, whether the complaint was viewed as asserting civil rights claims or tort claims, it presented matters beyond its jurisdiction. *Id.* at 1–2. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### II.

The Court of Federal Claims derives its jurisdiction (which is the authority to hear a case) from the Tucker Act, which provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the Unit-

ed States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added).

The plain language of the Tucker Act excludes claims sounding in tort from the jurisdiction of the Court of Federal Claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). At the same time, the Court of Federal Claims lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision. *E.g.*, *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997). We have reviewed Mr. Ouattara Hema's complaint. In addition, we have considered all the arguments he makes on appeal. It is clear that all the claims he presents either sound in tort or amount to general allegations that his civil rights have been violated. In either case, they are outside the jurisdiction of the Court of Federal Claims.

For the foregoing reasons, the Opinion and Order of the Court of Federal Claims dismissing Mr. Ouattara Hema's complaint is affirmed.

## AFFIRMED

No Costs.